Julius A. Barnsback, Respondent, *vs.* Joel K. Reiner, Appellant.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

In an action brought by a surety to recover an amount paid by him for his principal, cn a promissory note, the cause of action accrues at the time the money was paid by the surety, and the statute of limitations commences to run from that time, and not from the time when the note fell due, or the time when the principal made the last payment upon it.

Where there is some evidence to support the finding of a jury, and the record does not state that all the evidence taken upon the trial is included in the case or report to this Court, every reasonable intendment will be made to sustain the verdict.

Where the purpose and object of the pleading can be reasonably intended, and it contains substantially the necessary averments, and the parties go to trial upon the issue raised by or taken upon the same, it will not be ground of error if the Court refuses to charge the jury that the pleading is to be disregarded, even though it be to some extent uncertain or defective.

Points and Authorities for Appellant.

I.—Where a third party, under an arrangement with the

maker, had assumed the payment of a promissory note, with the knowledge and consent of all the parties thereto, and the payee, with the consent of the sureties thereon, enters into an agreement with such third party, upon a sufficient consideration, for the payment of said note at a different time and upon different terms from those expressed in the original, such agreement is an acceptance of such third party as the actual debtor, and operates as a release of the maker, not privy to such agreement. 3 *Kent*, 8th *ed.*, 148-9, *and cases cited ;* 18 *Barb,* 163 ; 3 *U. S Digest*, 496, *sec.* 128 ; *Millen vs. Stewart,* 4 *Wash. C. C.* 26 ; 5 *U. S. Dig.*, 817-18, *secs.* 103, 104, 112 ; 3 *U. S. Dig.*, 499, *secs* 219 *to* 225, 226, 227 ; 6 *N. H.*, 19 *Mc-Question vs. Noyes ; Wheaton vs. Kendall,* 6 *N. H.*, 504 ; 10 *U. S. Dig.*, 402, *secs.* 32, 33, 34, 35, 52 ; *Peak vs. Donvin,* 25 *Vt.*, 28 ; 8 *U. S. Dig.*, 340, *sec.* 47 ; 7 *ib.*, 453, 454, *secs.* 23 *to* 26, 49, 51 ; 7 *Hill.*, 250 ; *Story on Prom. Notes, secs.* 413, 414, *and Note* 3 ; *also Note* 1, *p.* 528, *sec.* 418.

II.—That a new agreement entered into between the payee in a note, and one of the makers, together with a stranger, to pay the sum thereby secured at a different time and upon different terms from those stated in the note, amounts to a payment of the note, and a release of the original maker not joining in such new agreement. *Bachelor vs. Priest,* 12 *Pick.*, 399 ; 3 *Rand,* 490 ; 8 *Pick.*, 122 ; 18 *Ala.*, 441.

III.—That where there is a voluntary payment of a note by a surety thereon, after the liability of the maker has been released by the acts of the payee, such surety cannot compel the maker to reimburse him on account of such payment. 2 *Parsons on Contracts*, 362, *note ;* 3 *U. S. Dig.*, 492, *sec.* 41 ; *Story on Prom. Notes, sec.* 386 *and note* 3 ; 12 *U. S. Dig.*, 545, *sec.* 20 ; *Chitty on Bills*, 9th *ed.*, 425, 26 *and notes.*

IV.—That the learned Judge who tried the case below erred in declining to charge as requested by Defendant's counsel, on folio 61 of case ; because no issue is formed by the reply upon the allegation quoted in such request.

V.—That the learned Judge who tried the case below erred in declining to charge the jury as requested by Defendant's counsel on folio 62 of case ; because the reply makes no issue on the allegation quoted in such request.

VI.—That the learned Judge who tried the case below erred in refusing to charge as requested on folio 63 of case, being the sixth instruction prayed for by Defendant's counsel.

VII.—That the material allegations in the Defendant's answer stand admitted upon the record; and the learned · Judge erred in charging the jury that they were all put in issue by the reply.

VLII.—That the statute of limitations commenced to run in this case at the date of the last payment by Reiner & Swain. *Bell & Morrison*, 1 *Peters*, 351; *Parsons on Contracts*, 362 *and notes ;* 2 *Comstock*, 523 *and cases cited ;* 1 *Kernan*, 176, *and cases cited ;* 1 *Caine*, 402 ; 2 *Minn.*, 241 ; 21 *Barb.*, 593 ; *Theobald's Principal and Surety*, 70, *sec.* 148 ; *ib.* 169, *secs.* 245, 246 ; *ib.* 173, *sec.* 252.

Points and Authorities for Respondent.

I.—The action is not upon the note, but by one of the sureties against his principals, for money paid to their use.

II.—The Appellant denied that the Respondent ever paid the money. He did not admit the payment, and plead that Respondent paid it of his own wrong ; and hence the Respondent could not reply, to such plea and show that the statute of limitations in the State of Illinois, where the payee and sureties resided, was sixteen years, instead of six, as in Minnesota, where the Appellant now claims the privilege of sanctuary.

III.—In nothing was there error against the Appellant.

IV.—The statute of limitations commenced to run at the time of the payment of the money by the Respondent. The cause of action against a principal debtor accrues in favor of his surety when the surety pays the debt, and not before. *Ingalls vs. Dennett*, 6 *Greenl.*, 79 ; 2. *Scam.*, 257 ; 5 *Barb.*, 397; 13 *Ill.*, 68 ; 12 *Ired.*, 242 ; 33 *Maine*, 182 ; 14 *Ala.*, 505 ; 2 *N. & M.* 493.

L. R. Cornman and D. Cooper, Counsel for Appellant.

W. H. Burt, Counsel for Respondent.

*By the Court*—Atwater, J.—The Respondent brought his

vol. viii.—9

action to recover money paid by him for Reiner & Swain, as surety for them on a promissory note. The note was for $1,000 and interest at ten per cent., and dated Troy, Illinois, March 29th, 1852, due the first day of May then next. The complaint alleged that the interest had been paid annually up to March 30, 1858, by Swain & Reiner, and that on the first day of April, 1859, he had been compelled to pay, and did pay as surety, the principal and interest then due on said note, amounting to eleven hundred dollars.

The Defendant, Reiner, answered, setting up several defences. He admitted the execution of the note as alleged, but denied that any interest had been paid upon the note by Swain & Reiner, subsequent to March 30th, 1853, or that any sum had been paid by them on said note after that date, and that any sum paid on the note thereafter was paid without the knowledge or consent of the Defendant, and denied knowledge or information sufficient to form a belief as to the other allegations of the complaint.

He then alleged that the cause of action did not accrue within six years from the commencement of this suit, that in the month of July, 1853, the Defendant came to Minnesota, where he has ever since resided and remained.

He also alleged that in 1853 the Plaintiff had agreed to look to other parties for payment of the note, and had released him. The Plaintiff replied to the new matter. There was a trial by jury and verdict for Plaintiff, upon which judgment was entered.

This action is not brought upon the note, but for money paid by a surety for the benefit of his principal. The cause of action arose when the money was paid by the surety, if ever, which in this case is alleged to have been in 1859. The Defendant first denies the payment of the note, then alleges that the cause of action did not accrue within six years from the commencement of suit, and alleges certain facts to show that the Plaintiff did not pay the note within six years from the time Defendant made the last payment. This plea, taken in connection with the denials in the first part of the answer, would seem to be objectionable on various grounds. To render it effectual as a defence, it must be held as equivalent to

the admission or statement that, though the Plaintiff did pay the money, yet he paid it of his own wrong, voluntarily, and without obligation of law. We do not think the facts stated amount to such an allegation, but if such be the case, the pleading would still be hypothetical, and inconsistent with the denial that the Plaintiff paid the money at all. The reply simply takes issue on the allegation that the cause of action did not arise within six years, and under the evidence it is perhaps unncessary to consider any objections that might arise to the form of the answer.

The Plaintiff proved payment of the note and rested. The Defendant, Reiner, was sworn and asked when the last payment was made on the note by him, or with his consent. The purpose of the evidence being stated to be, to show that no payment had been made on the note within six years. The question was objected to by Plaintiff as immaterial; but the objection was overruled. The witness answered that it was some time in the spring of 1853—about the last of March or first of April, 1853. This was all the evidence offered by Defendant, so far as the case shows.

Assuming that the Plaintiff could not recover, if he paid the amount due on the note, more than six years after the last payment was made by Defendant, we think there is nothing in the evidence to preclude the jury from finding that the payment was made within such time. The evidence does not fix the precise day when the payment was made by Plaintiff, nor when the last payment was made upon the note by Reiner. Both are proved to have been *about* a certain time. The jury may have believed that the note was paid by Plaintiff within six years from the time the last payment was made by Reiner, and in the evidence reported to this Court, we cannot say that such finding is contrary to the evidence. Nor does it appear from the papers before this Court, that the evidence here presented was all the evidence offered upon the trial; and in such case every reasonable intendment is to be made in favor of the verdict.

The paper book (or what probably was intended for such,) contains so imperfect an account of what transpired on the trial of the cause, that it is almost impossible for this Court to

determine what are the grounds of error complained of by Appellant. The appeal would seem to be from an order overruling a motion made upon the Judge's minutes for a new trial. No case is made and settled, nor indeed is there any certified record of any of the proceedings below. A brief statement of evidence is given, following which are certain propositions, numbered from one to six, which it may be inferred were charges requested by Defendant, and refused by the Court, as after several of these appear the words, " No—Defendant excepts." There is, however, no statement that the Court was requested and refused to make these charges, though following these propositions are some matters, which it is stated the Court did charge. As the counsel for the Respondent, however, does not object to the manner in which the Appellant presents his objections in this Court, to the decision below, we will consider these propositions so far as seems necessary, as charges requested by Defendant and refused by the Court.

One of these propositions is as follows : " That unless Reiner was liable to Clark (the payee of the note) at the time of the alleged payment by Barnsback, he is not liable to the latter for the amount voluntarily paid by him. Declined to charge as being immaterial to the case."

Under the refusal to charge as above it may be urged that the jury did not take into consideration the evidence, with any view of determining the time when the Defendant made his last payment on the note, or the precise time when the Plaintiff paid the same. In this view it will be necessary to consider whether there was any error in the refusal to charge as requested.

The Defendant, in pleading the statute of limitations, has connected with and made a part of that plea certain statements with reference to the note, as the time it fell due, when the Defendant made the last payment upon it, and that Defendant had not since, in writing or otherwise, promised to pay the same, &c. He has evidently treated the note as the cause of action, which is an error. These statements regarding the note are not made and intended as a separate defence, but as a part of the defence of the statute of limitations. As

a separate defence they are insufficient, since, for that purpose, or for the purpose aimed at by the request above stated, there should have been an admission that the Plaintiff paid the money, but without obligation so to do. And, indeed, had the note itself been the cause of action, it is very questionable whether the allegations referred to would have been proper or pertinent, since they are rather a statement of the evidence to establish the defence, than a statement of the fact constituting the defence. The reply simply took issue upon the defence, to wit: alleging that the cause of action did arise within six years from the commencement of the suit, which was all that was necessary or proper. We think the Defendant raised no issue entitling him to the charge requested, and it is therefore unnecessary to determine whether the proposition is true, as a rule of law.

The third defence of the answer sets up in substance an agreement between J. R. Swain and Brother, the Plaintiff and his co-surety, and the payee of the note, James E. Clark, whereby Clark, in consideration of an additional rate of interest, agreed to extend the time of payment for two years from the date of such agreement, and that in consideration of such extension Swain and Brother, with the consent of the sureties, promised to pay Clark the $1,000, with twelve per cent. interest, which were accepted by Clark, with the consent of the sureties, in lieu of the promissory note.

The reply denied, in a qualified manner, certain parts of this defence, and denies positively that the promises and undertakings specified in the answer were ever accepted in place of the note, and denies that the acceptance of said promises was any other than that Clark would forbear payment on the note for two years. No evidence was introduced to sustain the defence; but it appears that the counsel for the Defendant requested the Court to charge that the denials of certain specified portions of the reply did not amount to denials of the allegations in the answer, to which they had reference, and left the facts stand admitted as plead. The Court refused so to charge.

The objection here urged would seem to be aimed rather at the form and manner in which the denial is stated than to its

substance. It is evident that the objector understood that there was at least an attempted denial of certain specified portions of the defence. The remedy for objections of this nature is pointed out by *sec.* 76, *Comp. Stat.*, *p.* 542. Correct pleading under the Code is, perhaps, more difficult than under the old system, and the remedies which have been provided for mistakes, defects and uncertainties in pleading, indicate that at least, in some stages of the case, Courts will not give too rigid a construction to a pleading. And as a general rule, it may be stated that where the purpose and object of a pleading can be reasonably intended, and it contains substantially the necessary averments, and the parties go to trial upon the issue raised by, or taken upon the same, it will not be ground of error if the Court refuses to charge the jury that the pleading is to be disregarded, even though it be, to some extent, uncertain and defective. The Court would be justified in construing a pleading more strictly upon a motion to strike out or render more definite, than upon a request for such a charge.

In this case we see no error in the refusal of the Court to charge as requested. The reply does not purport to deny all the allegations of the defence. Certain portions are admitted, and other parts, constituting the gist of the defence, are particularly specified, and either directly denied, or stated in a modified form. Substituting the statements and denials in the reply, for the allegations to which they have reference in the answer, and there would be no defence averred.

The order refusing a new trial is affirmed.