## Charles A. Warner,

### *vs.*

## Nathan Myrick, Impleaded with Henry Gager.

Upon a complaint on an account stated by defendants as partners, for services performed by plaintiff, it is sufficient to show the partnership of defendants, that plaintiff performed services for them as partners, and that an account therefor was stated, as alleged in the complaint. Under a general denial of such complaint, the defendants cannot be permitted to attack the correctness of the *items* of which the account stated is composed.

Certain nstructions to the jury in this case considered and passed upon, with reference to the facts appearing.

*Wright v. Davidson,* 13 *Minn.,* 450, followed.

Where an instruction is correct as a proposition of law, the objection that it is not so specific as it might be, is an objection which should have been obviated by a request for further instruction.

Action upon an account stated, commenced in the district court for Stearns county, against Myrick and one H. Gager, as co-partners in the firm of H. Gager.

Myrick alone answered the complaint, interposing a general denial.

Upon a trial by jury in the court below, a verdict was rendered for the plaintiff. The defendant Myrick appeals to this court from the order of the district court denying his motion for a new trial.

The substance of the pleadings, exceptions taken at the trial, and the facts of the case, so far as considered by the court, are stated in the opinion.

OSCAR TAYLOR and C. K. DAVIS for Appellant.

N. H. MINER, and HAYS & KERR for Respondent.

*By the Court*—BERRY, J.—The complaint in this case sets up the co-partnership of the defendants under the firm name of H. Gager ; the performance of certain services by the plaintiff for them as co-partners ; that the same were reasonably worth $817.42 ; that an accounting was had between the plaintiff and defendants as co-partners, of and concerning the same, upon which there was found to be due the plaintiff the sum of $817.42, and that an account was stated accordingly, the defendants as partners then and there promising to pay the plaintiff the amount so found to be due him. Myrick. who alone appears to have answered,

simply denies each and every allegation, matter and thing, in the complaint contained. The alleged account stated, was in the form following:

SAUK CENTRE, March 24, 1869.

H. GAGER, Dr.

To C. A. WARNER.

1867 : Nov. 13. (Here follows four items of account, with prices carried out and footed up to the amount of $817.14) This is the amount due C. A. Warner, on his train work, 1867.

[Signed,]                              H. GAGER.

To establish his cause of action it was only necessary for the plaintiff to show the partnership of the defendants; that he performed services for them as partners, and that an account had been stated therefor, as alleged in the complaint. 2 *Gr. Ev.*, *sec.* 126, 129. Whether or not there was evidence upon all these points, sufficient to sustain the judgment, we are not called upon to inquire, as it does not appear that the settled case contains all the evidence introduced upon the trial. *Barnsback vs. Reiner*, 8 *Minn.*, 63 ; *Rau vs. M. V. R. R. Co.*, 13 *Minn.* 447. This disposes of most of the points made by the appellant.

The appellant further claims that certain testimony offered by him was erroneously rejected. The tendency of the rejected testimony would have been to show that the account contained over-charges, but it would not have tended to show that the plaintiff had not performed services for the defendants to some extent, nor that an account had not been stated. The very purpose of declaring upon an account stated, is to save the necessity of proving the correctness of the *items* composing the same; (*Ogden vs. Astor*, 4 *Sandford*, 332 ; 2 *Gr. Ev.* 127 ;) the effect of the account stated being to

VOL XVI.—7.

establish *prima facie* the accuracy of the items without further proof, and the party seeking to impeach the account is therefore bound to show affirmatively any mistake or error complained of. *Lockwood vs. Thorne,* 18 *N. Y.,* 292. If a party desires to attack the account for mistake or error in the statement of the same, he should apprise his adversary of his intention to do so by specially pleading the incorrectness upon which he relies. A bare general denial of the allegation that an account was stated, raises no proper issue upon the correctness of the account.

Upon the pleadings in this case then, the testimony offered as above mentioned was rightly excluded

The first instruction given to the jury, at the plaintiff's request, and excepted to by the defendant, was as follows: "If the jury find that the defendants were jointly interested in the business, in which the work and labor charged in the complaint were performed, sharing the profits and losses between them, that constitutes the defendants co-partners, and renders them liable as such for liabilities incurred on account of such business."

The fifth instruction given to the jury, at plaintiff's request, and excepted to by the defendant, was this: "In order to constitute the defendants co-partners, it is not necessary that they should have agreed specifically to share the losses as well as the profits of the enterprise, if the agreement between the defendants was such that the law will imply a liability to share the losses as between themselves."

So far as appears, there was no evidence in this case in reference to any agreement to share the profits, except such as tended to establish an agreement to share profits *as profits*, and an agreement of this kind would certainly make the defendants partners as to third persons. *Wright vs. Davidson,* 13 *Minn.* 450. *Fay vs. Davidson,* 13 *Minn.* 523, cited by appellant, presents a different state of facts.

So far, then, as these instructions make an agreement to share profits a test of partnership, there was no error in them when considered as they should be with reference to this case. If there was any error in the fifth instruction as a legal proposition, the error consisted in holding or implying that an agreement, express or implied, to share losses, was a necessary ingredient of a partnership as to third persons. *See Parsons on Partnership*, 41 *note; Collyer on Partnership*, sec. 19 *and note;* 3 *Kent's Com.*, 27 *and note; Pitt vs. Euyton*, 3 *Mann Gr. & Scott* 39 ; *Ex parte Langdale*, 18 *Vesey*, 301. This error was against the plaintiff and the defendant cannot complain of it. That from an agreement to share profits, nothing being said about losses, the law will ordinarily imply an agreement to share losses, is true. *Collyer on Partnership, sec.* 19 *and notes.* If, then, the instruction was not wrong to defendant's prejudice as a proposition of law as far as it went, the objection that it did not inform the jury when, and under what circumstances, the law would imply the liability to share losses, was an objection which should have been obviated by a request on the part of the defendant for more specific instructions. *M. C. Railway Co. vs. McNamara*, 13 *Minn.* 508. At any rate, inasmuch as the agreement to share profits as such, was sufficient to establish partnership as to the plaintiff, a third person, we do not perceive that what was said as to the liability for losses was important.

The order denying a new trial is affirmed.