### KOEGEL v. GIVENS, *Plaintiff in Error.*

1. **Account Stated**: EVIDENCE. In an action upon an account stated, if necessary, evidence of earlier transactions as a foundation for the settlement and in explanation thereof, is admissible; but an inquiry into the merits or demerits of the prior transactions, as ground of recovery or defense, is inadmissible.

2. **Practice in Supreme Court**: EXCEPTIONS. It is not only necessary to object to the exclusion of proffered evidence. but except to

the ruling of the court, in order to be entitled to have such ruling passed upon by the Supreme Court.

3.   **Account Stated**: EVIDENCE.   Upon proof of a settlement a promise by the debtor to pay the balance found due will be implied.

*Error to Maries Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*Smith & Krauthoff* and *S. Mosby* for plaintiff in error.

*Edwin Silver* for defendant in error.

PHILIPS, C.—This is an action begun in a justice's court, and tried *de novo* in the circuit court, on the following statement: "Maries County, May 1st, 1878.   Charles Givens to Erhardt Koegel, Dr., to balance due on settlement, $39.90."

As the questions to be decided arise principally or entirely on the facts, as shown by the bill of exceptions, we present so much of it as is pertinent.   It recites that "the plaintiff offered evidence showing that plaintiff performed work and labor for the defendant, that they had a settlement, and that by said settlement defendant was due plaintiff a balance of $39.90, which was due and unpaid.   To the introduction of the evidence showing that plaintiff performed work and labor for defendant, the defendant objected, which objection was by the court overruled, to which action of the court in overruling said objection the defendant then and there, in open court by his counsel, objected and excepted.   This was all the evidence offered on the part of the plaintiff.   The defendant offered evidence showing that no settlement had been made.   The defendant then offered evidence to prove the character of the work done by plaintiff for defendant, and offered to show by the testimony of experts that the labor performed by plaintiff for defendant was valueless, to the introduction of which the plaintiff objected, which objection was by the court sustained, to which action of the court in sustaining the objec-

tion of plaintiff and excluding said evidence from the jury the defendant then and there, by his counsel in open court, objected. This was all the evidence offered." No instructions were asked or given, and the jury returned a verdict for plaintiff for the amount of the sum sued for. Defendant has brought the case here on writ of error.

There is no question but the statement filed shows a cause of action as on an account stated. "The word 'settlement' implies that there were previous transactions between the parties." *Cape Girardeau & S. L. R. R. Co. v. Kimmel,* 58 Mo. 84. To maintain the action it was only necessary to prove that the settlement was made. If he should fail to make this proof he could not fall back on the original account and recover thereon. The defendant objected to plaintiff showing that "he performed work and labor for the defendant." I do not think there was any substantial error in this. The manner of introducing this proof in a mere formal way, was manifestly as a matter of inducement to show there was a foundation for an adjustment, a settlement, between the parties. "He may prove the earlier transactions, if necessary, as a foundation for the settlement and in order to explain it." *Cape Girardeau, etc., v. Kimmel, supra,* 85. But the defendant complains that he was not allowed a like privilege by the trial court. A reference to the bill of exceptions will show, however, that he sought to go much farther. "The defendant then offered to prove the character of the work done—and to show by the testimony of experts that the labor performed by plaintiff was valueless." This was an attempt to go behind the settlement and open up the whole merits of the antecedent transaction. This was not admissible.

1. ACCOUNT STATED: evidence.

But if there were any merit in the point, that the defendant should have been permitted to make such proof, he has not sufficiently saved it by his bill of exceptions. If a party would complain of such error he must at the time of the exclusion of the

2. PRACTICE IN SUPREME COURT: exceptions.

proffered evidence except to the action of the court. The bill of exceptions here only recites that the defendant "then and there by his counsel in open court objected." This was not sufficient. He should have excepted, at the time, to the ruling of the court. *Craighead v. Wells*, 21 Mo. 404; *Case v. Fogg*, 46 Mo. 44.

It is next insisted by defendant in error that before plaintiff could recover, it should have been made to appear

3. ACCOUNT STATED: evidence. in evidence that in addition to the proof of the settlement, the defendant expressly or impliedly promised to pay the amount found due. The case having originated in the justice's court, no detailed statement of the cause of action was essential. Had the cause originated in the circuit court, and such allegation been wanting in the petition, if unobjected to before trial, it would have been good after verdict. *Cape Girardeau, etc., v. Kimmel, supra*, 85. I am of opinion that on proof of the settlement having been made, (which fact the jury found for the plaintiff,) the law would raise by implication a promise to pay by the debtor party. The proof, so recites the bill of exceptions, showed that the sum was due and unpaid. No objection was taken to this statement at the trial, nor was any instruction asked raising any such issue, nor was any such question presented to the trial court in the motion for new trial or in arrest.

The judgment of the circuit court is affirmed. All concur.