CHARLES BURGER, Respondent, v. JOSEPH BURGER, Appellant.

St. Louis Court of Appeals, February 5, 1889.

**Instructions:** ACCOUNT STATED : PROMISE TO PAY. Upon an account stated and balance found and agreed upon between the parties, the law implies a promise by the debtor to pay such balance. An instruction which announces all the elements of liability on an account stated, omitting that of the promise to pay, is therefore not prejudicial to the debtor, or erroneous. Even were this otherwise, if an instruction given for the defendant exacts evidence of the promise as a condition of his liability, there is nothing of which he can complain.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. ROBERT L. WILSON, Judge.

AFFIRMED

*R. H. Whitelaw*, for the appellant.

The petition does not state that defendant promised to pay any balance found to be due on settlement to plaintiff. This we admit is cured by verdict, but the jury should not have been told by the court that a settlement without a promise to pay the balance found to be due was conclusive on the defendant. The instruction did not even tell the jury that upon an account stated the law presumed that the party in arrears promised to pay the balance due, but, on the contrary, that there need not be any kind of promise, either expressed or implied, or that the law presumed a promise, and that their verdict should be for the plaintiff in the sum so found to be due. Whether on a given state of facts the transaction amounts to an account stated is a question of law and not of fact. *Powell v. Railroad*, 65 Mo. 658; *Railroad v. Kimmel*, 58 Mo. 83; *Brown v. Kimmel*, 67 Mo. 430, and cases cited; 1 Greenl. on Ev., sec. 212; 2 Greenl. on Ev., sec. 126, *et seq.*

*Maurice Cramer*, for the respondent.

The instructions told the jury in effect that before they could find for plaintiff in any sum they must believe from the evidence that such settlement took place, that there was found due plaintiff the sum sued for, and that defendant agreed and promised to pay the same to plaintiff. After a full consideration of the instructions given by the court in this case, it will be found that, taking them as a whole, they fairly embraced the law applicable to the case and were in no way calculated to mislead the jury, and where that is true the court will not interfere with the verdict of a jury based on them. *Reilly v. Ry. Co.* 94 Mo. 611; *Oxford v. McNally*, 22 Mo. App. 390; *Norton v. City of Moberly*, 18 Mo. App. 458, 459.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff brought this action on an account stated, and recovered judgment in the trial court. The defendant's answer denies that an account was ever stated between himself and the plaintiff. There was evidence tending to show that the parties had a settlement of their mutual accounts, resulting in an ascertained balance due from the defendant to plaintiff, to which both assented and which the defendant agreed to pay.

The only complaint made by the defendant on this appeal, is that the court gave an erroneous instruction on behalf of plaintiff.

The instruction complained of is as follows:

"The court instructs the jury that, if you shall believe from the evidence that the plaintiff was in the employ of defendant from the first day of April, 1884, until about the fourteenth day of February, 1887, and that during that time there were mutual accounts between them, and if you shall further find from the evidence that there was a settlement had between said plaintiff and defendant on the fourteenth day of February, 1887, of their said accounts and a balance found due said plaintiff, as set out in the petition, and if you shall further find that defendant agreed and assented to the settlement and amount found to be due plaintiff, then your verdict should be for the plaintiff in the sum so found to be due, less the amount paid to plaintiff by defendant on account of said settlement."

Whether upon a given state of facts, the transaction amounts to an account stated, is a question of law. *Powell v. Railroad*, 65 Mo. 658. If the jury found the facts as stated in the foregoing instruction, then in legal contemplation there was an account stated between the parties. Upon proof of the settlement the

law implied a promise to pay the balance due. *Koegel v. Givens*, 79 Mo. 77, 80. It is not apparent, therefore, wherein, as defendant now claims, this instruction was prejudicial to him, in omitting the requirement of a promise to pay.

· The court upon defendant's request instructed the jury:

" The plaintiff in this case sues the defendant on a settlement which plaintiff alleges in his petition was made between the plaintiff and defendant on the fourteenth day of February, 1887, by which plaintiff claims that a balance was found to be due to plaintiff of the sum of $676.55. In order for you to find for plaintiff in any sum, you must believe from the evidence that such a settlement took place and that there was found to be due the plaintiff the sum sued for, and that defendant agreed and promised to pay the same to plaintiff. And the burden of proof rests on the plaintiff to show these facts to your satisfaction."

It will be thus seen that even if we concede for the sake of argument, that there is some merit in defendant's objection to plaintiff's instruction standing alone, the instructions taken together submitted the case fully and fairly to the jury, even on defendant's theory of the law. This being the case, no warrant exists for disturbing the verdict. *Reilly v. Railroad*, 94 Mo. 611.

Judgment affirmed. All concur.