COLUMBIA BREWING COMPANY, Respondent, v. PATRICK BERNEY, Appellant.

**St. Louis Court of Appeals, October 1, 1900.**

1. **Stated Account: PLEADING: EVIDENCE.** In the absence of proper averments sufficient to surcharge and falsify a stated account, no evidence is admissible except that tending to disprove the existence of the account.

2. ———: ———: ACTION. An action on a stated account is based on a new promise to pay, into which all prior negotiations or transactions are merged.

Columbia Brewing Co. v. Berney.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*Edward L. Gottschalk* for appellant.

(1)   The petition is based on a stated account.   It was necessary for plaintiff to prove defendant's assent to the settlement.   Railroad v. Kimmel, 58 Mo. 83.   (2)   The parts of the answer stricken out were proper as a defense:   First. Because it set out a payment of all claims and the manner of paying plaintiff.   Second.   It negatives the account stated as of May 1, 1898.   A petition to recover an alleged balance found due upon settlement with defendant is not sustained by proof of indebtedness.   It must appear that the defendant assented to the settlement or to the balance found against him. Railroad v. Kimmel, 58 Mo. 83.   An action upon account stated can not be maintained where it appears that the defendant at the time dissented from the balance found, and claimed an additional credit which was disallowed.   Railroad v. Kimmel, 58 Mo. 83.   (3)   An instruction which contains an absolute direction to the jury to find for the plaintiffs if they should find that the defendant retained the account without objection from October 30, 1882, to June, 1883, is rightly refused, as "in no case has such implied admission been held to be an estoppel, but simply a prima facie case throwing the burden of contradiction or explanation on the adverse party." Kent v. Highleyman, 17 Mo. App. 11; Brown v. Kimmel, 67 Mo. 430, 431.

*C. S. Broadhead* for respondent.

(1)   The motion to strike out parts of defendant's answer was properly sustained.   A settlement is conclusive, and can only be challenged for fraud or mistake.   Marmon v. Waller, 53 Mo. App. 610; Pickel v. St. Louis Chamber of Commerce Association, 10 Mo. App. 194; Wiggins v. Burkham, 10 Wall, 129; Kronenberger v. Binz, 56 Mo. 121.   (2) The account rendered was sufficient to form the basis of an account stated.   McKeen v. Bank, 74 Mo. App. 281, p. 288; Bank v. Morgan, 117 U. S. 96.   (3)   Where an account rendered is not objected to within a reasonable time, the failure to object will be regarded as an acquiescence in its correctness by the party charged.   Powell v. Railroad, 65 Mo. 658, p. 662; Shepard v. Bank, 15 Mo. 143; McKeen v. Bank, 74 Mo. App. 288; Schneider v. Bank, 1 Daly (N. Y.) 500; Freas v. Truitt, 2 Colo. 489; Brown v. Vandyke, 8 N. J. Eq. 795. (4)   What is reasonable time, where there is no dispute as to facts, is a matter of law.   Where the proofs are conflicting, it is a mixed question of law and fact, to be decided by jury under proper instructions.   Tolcott v. Chew, 27 Fed. Rep. 273; Wiggins v. Burkham, 10 Wall. 129.

BIGGS, J.—This is an action on a stated account.  Prior to May, 1898, the defendant purchased beer from the plaintiff. A pass-book was furnished defendant in which were entered the daily purchases of beer.   At the end of each month the book was delivered to plaintiff.   The payments and rebates for the month were immediately entered by plaintiff, a balance struck, and the book returned to defendant.   This was done on May 1, 1898, and the book thus balanced showed an indebtedness due plaintiff of $933.50.   The plaintiff claims that the retention of the book thereafter by defendant without objection created a stated account between the parties, upon which it bases its suit.   The answer contains a general denial.   The

Columbia Brewing Co. v. Berney.

defendant also set forth in his original answer facts to the effect that some time prior to May 1, 1898, he paid to plaintiff the amount of the alleged balance by delivering to it certain claims against the Industrial Building and Loan Association. That portion of the answer was stricken out on motion, to which the defendant excepted. The other exceptions which pertain to the admission of evidence hinge upon this ruling, the defendant having offered evidence (which the court excluded) tending to prove that portion of the answer. The cause was submitted to the court without a jury. As indicated by the instructions the court found that the state of the account as shown by the pass-book had been agreed to by defendant, and judgment was accordingly rendered for the balance. The defendant has appealed.

That portion of the answer alleging that the balance as shown by the pass-book was erroneous by reason of the alleged transaction between plaintiff and defendant concerning the claim against the building and loan association, was properly stricken out, as the answer contained no averment that this alleged credit was omitted from the account through fraud or mutual mistake. In the absence of proper averments sufficient to surcharge and falsify a stated account, no evidence is admissible except that tending to disprove the existence of the account, that is that there had been no dealings between the parties, or that the defendant had not consented to the alleged settlement. This is reasonable, for an action on a stated account is based on a new promise to pay into which all prior negotiations or transactions are merged. The suggestion that the rejected portion of the answer was sufficient as a plea of payment, is without force, for payment in such a case must necessarily postdate the settlement. The transaction mentioned in the answer antedated the settlement.

Under the pleadings the circuit court tried the case cor-

rectly.    It admitted evidence offered by plaintiff tending to prove the delivery of the pass-book to defendant on the first day of May, 1898; that he retained it, and made no objection to the state of the account as shown by it, until after the suit was brought.    On the other hand, the defendant was allowed to show that he at no time assented to the alleged stated account, but at all times contended and asserted that he was entitled to the additional credit which was sufficient in amount to discharge the alleged balance.    The defendant's theory of the evidence was submitted under instructions asked by him. The court found the issues of fact against him, and under the rules of appellate practice we can not interfere.

The judgment of the circuit court will be affirmed.    All concur; Judge *Bland* only in the affirmance of the judgment.