## OSCAR N. BARR, Respondent, v. SILAS LAKE, Appellant.

### St. Louis Court of Appeals, March 8, 1910.

1. **JUSTICES' COURTS: Pleading: Issues.** Where an action is begun before a justice of the peace, the appearance of defendant, who files no pleading, operates as though the general issue were raised at common law.

2. **ACCOUNT STATED: Nature: Items of Debt Merged in: Pleading.** An account stated must be founded on previous transactions of a monetary character creating the relation of debtor and creditor between the parties, and it is in the nature of a new promise, raises a new cause of action and forecloses matters of dispute as to the items thereof which afford the consideration for the new promise, and the law forbids an inquiry into the validity of a portion of the items, except for fraud, accident or mistake—that is to say, the validity of portions of the original account may not be inquired into under a general denial.

3. ———: **Issues and Proof: Suit on Original Debt not Maintainable.** One suing on an account stated may show enough concerning the transactions, if necessary, to afford a foundation for the settlement and to explain it, but he cannot afterwards abandon the account stated and sue on the original subject-matter.

4. ———: ———: **Pleading: General Issue at Common Law and Under Code.** Under the form of *non assumpsit*, which raised the general issue at common law, the defendant might show the items which formed the basis of the account stated were incorrect; but the general denial under the Code is a mere traverse of the material facts pleaded in the petition, and under it defendant may disprove such matters only as are essential to sustain plaintiff's case.

5. ———: ———: ———: **General Denial: What May be Shown Under.** A defendant in an action on an account stated may show, under a general denial, that there was actually no account between the parties, and that he had had no dealings at any time with plaintiff, and thus destroy the entire cause of action relied on.

6. **PLEADING: General Denial: What May be Shown Under.** Under a general denial, it is competent to prove any facts going to show that plaintiff never had any cause of action.

7. **ACCOUNT STATED: Pleading: Falsifying Account.** A defendant in an action on an account stated, in the absence of fraud affirmatively appearing, must specifically plead the fraud, accident or mistake relied on to surcharge or falsify the stated account.

8. **PLEADING: Special Defenses.** A defense not admissible under the general denial must as a general rule be pleaded.

9. **ACCOUNT STATED: Evidence: Proof of Payments Ante-dating Settlement Incompetent.** A defendant in an action on an account stated, based on transactions wherein defendant had received from plaintiff telephone equipments and cash, may not, under a general denial, prove that plaintiff owed him a considerable amount for telephone service furnished prior to the alleged settlement; for any proof of payment, to be competent, must necessarily postdate the alleged settlement.

10. **JUSTICES' COURTS: Set-off and Counterclaim: Must be Pleaded.** Under section 4078, Revised Statutes 1899, providing that no set-off or counterclaim not pleaded before the justice shall be pleaded in the appellate court, a set-off or counterclaim not pleaded in justice's court can not be shown in the circuit court on appeal.

Appeal from Lewis Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*W. A. Mussetter* and *Clay & Johnson* for appellant.

(1) In an action on a stated account or claim, while the defendant will not be allowed to go behind the settlement to open up the whole merits of the antecedent transaction, yet he may introduce evidence respecting the earlier transactions to show whether

there was a foundation for the settlement. Koegel v. Givens, 79 Mo. 77; Railroad v. Kimmel, 58 Mo. 84. In an action on a stated general account, under a general denial, evidence is admissible tending to disprove the existence of the account or that there had been no dealings between the parties. Brewing Co. v. Berney, 90 Mo. App. 96. (2) Evidence was admissible to prove an agreement to the effect that the $50 transferred by plaintiff to defendant and the telephone services furnished by defendant to plaintiff were to be credited the one against the other, or, in other words, that one was to be treated as payment of the other. Under such evidence, the value of the telephone service furnished by defendant to plaintiff from February 4, 1904, to April 1905, at least, would operate as a part payment of the $50. Rider v. Culp, 68 Mo. App. 527; Land Co. v. Rhodes, 54 Mo. App. 129; 18 Am. and Eng. Ency. Law (1 Ed.), p. 186. (3) Evidence of the telephone service furnished by defendant to plaintiff from February 4, 1904, to April, 1905, at $1 per month, is admissible, in connection with the agreement sought to be introduced by defendant to that effect, to show that it was to be treated as a credit or payment on the $50 above referred to. This evidence, not being introduced to prove a counterclaim, but to prove payment, is admissible under defendant's plea of general denial. Where the action originated before a justice of the peace, payment, though other than in money and resting on an independent agreement, may be shown by the defendant under his plea of general denial. Rider v. Culp, 68 Mo. App. 527. Where no answer is filed in an action originating before a justice of the peace, the case stands as though the defendant had answered by a general denial. Schmidt v. Rozier, 121 Mo. App. 306. (4) The verdict is not supported by the evidence. The specific transaction or cause of action set out in the petition, not being supported by the evidence, the judgment should be reversed. Schmeiding v. Ewing, 57 Mo.

78; Marcum v. Smith, 26 Mo. App. 460; Robbins v. Railroad, 34 Mo. App. 609; Spiro v. Transit Co., 109 Mo. App. 1.

*N. W. Simpson* for respondent.

NORTONI, J.—This is a suit on an account stated. The plaintiff recovered and defendant appeals.

It is alleged, substantially, that plaintiff and defendant had certain business transactions in April, 1902, as a result of which defendant received from the plaintiff certain telephone equipments and the sum of fifty dollars in cash. And that afterwards, in February, 1904, they settled their accounts and agreed upon a balance of sixty dollars being due from defendant to the plaintiff thereon, which sum of sixty dollars defendant promised to pay plaintiff. The testimony on the part of plaintiff tends to prove the cause of action stated. It is true the plaintiff gave no evidence as to the items of the account, his entire testimony going to the effect there was an unsettled account between the parties and that they met and agreed upon the balance of sixty dollars due from defendant to him which sum the defendant agreed and promised to pay. The cause of action having originated before a justice of the peace, no formal pleading was filed on the part of the defendant. The defendant gave testimony to the effect that there had been no settlement of accounts between the parties and no promise to pay. As to this matter, he denied the plaintiff's theory of the case *in toto*. However he admitted having received fifty dollars from the plaintiff at the time mentioned in the complaint but sought to deny that he had ever received any telephone equipments from him and sought, too, to give evidence with respect to certain matters of account for telephone service and otherwise which he claimed plaintiff owed him prior to the alleged settlement or statement of the account between them. All of this testimony the court

excluded on plaintiff's objection. The principal point relied upon for a reversal of the judgment relates to the action of the court in excluding so much of the defendant's testimony as tended to prove he had received no telephone equipments from the plaintiff.

It is argued that as our courts have said the transactions prior to the settlement may be referred to by plaintiff as a foundation for the settlement and in order to explain it, it was error to exclude the defendant's offer of proof to the effect that he had received no telephone equipments from the plaintiff said to have been one of the items of the account adjusted. In view of the pleadings, we believe this argument to be unsound. No pleading whatever was filed on the part of the defendant, and the case having originated before a justice of the peace, the defendant's appearance to the action operated as though the general issue were raised at common law. [Kane v. McCown, 55 Mo. 181; Schmidt v. Rozier, 121 Mo. App. 306, 98 S. W. 791; Farmers Bank v. Williamson, 61 Mo. 259.]

It is certain that an account stated must be founded on previous transactions of a monetary character creating the relation of creditor and debtor between the parties thereto. [1 Am. and Eng. Ency. Law (2 Ed.), 440.] In view of this fact, the courts permit a plaintiff suing on an account stated to show enough concerning the earlier transactions, between the parties, if necessary, to afford a foundation for the settlement and in order to explain it. However, in such actions the plaintiff will not be permitted to abandon the cause of action, that is, the account stated, and fall back upon the orignal subject-matter, for having sued upon a stated account, he must recover on that or not at all. He may refer to the transactions prior to the statement of the account for the purpose only of showing that there was an account existing between the parties and that it afforded a competent basis for the settlement out of which the new cause of action arises.

[Cape Girardeau, etc., R. R. Co. v. Kimmel, 58 Mo. 82; Koegel v. Givens, 79 Mo. 77.] The theory of the law is that an account stated is in the nature of a new promise or undertaking and raises a new cause of action between the parties. [1 Am. and Eng. Ency. Law (2 Ed.), 456; Cape Girardeau, etc., R. R. Co. v. Kimmel, 58 Mo. 82; Koegel v. Givens, 79 Mo. 77; Columbia Brewing Co. v. Berney, 90 Mo. App. 96; Burger v. Burger, 34 Mo. App. 153.]

In view of the principle thus established, the law forbids an inquiry into the validity of the items composing the original cause of action, which question is merged in the new promise on the stated account, except upon valid grounds affording relief in other contractual matters such as fraud, accident or mistake. The very purpose of an account stated is to foreclose matters of dispute with respect to the various items thereof which afford the consideration for the new promise involved in the stated account, and, therefore, the law forbids an inquiry into the validity of a portion of the items of which the original cause of action was composed unless it be on the grounds of fraud, accident or mistake. That is to say, the validity of portions of the original account may not be inquired into under a general denial. [Columbia Brewing Co. v. Berney, 90 Mo. App. 96; 1 Ency. Pl. and Pr., 89; Martin v. Beckwith, 4 Wis. 219; Warner v. Myrick, 16 Minn. 91; Moody v. Thwing, 46 Minn. 511; 1 Am. and Eng. Ency. Law (2 Ed.) 456.] The leading authority relied upon by the defendant in the argument here is Koegel v. Givens, 79 Mo. 77, 79. That was a suit on an account stated. The principle we have sought to illustrate was not only recognized in that case but enforced by the Supreme Court as well, for there it appeared the plaintiff was permitted to give testimony tending to show that he had performed work and labor for the defendant and the account was afterwards stated between them. The defendant proffered

testimony to the effect that the work and labor per-
formed by plaintiff was without value and this the
court rejected. The Supreme Court said the proof was
competent in so far as plaintiff was concerned as it
merely served as a matter of inducement to show that
there was a foundation for a settlement between the
parties, but the proof proffered on behalf of defendant
to the effect that the labor performed by the plaintiff
was without value was incompetent for the reason that
it tended to open up the merits of the antecedent trans-
action. Although the matter of the pleadings is not
mentioned in that case, it appears the common law
general issue was raised, as the proceeding originated
before the justice of the peace and no answer was filed.
It would seem in that case the proof rejected should
have been received under the common law general issue
but it was not, and the Supreme Court declared it
incompetent. This ruling, we believe, curtailed the
scope of the general issue in so far as suits on account
stated are concerned and the case is a precedent by
which we are bound. Under the form of *non assumpsit,*
which raised the general issue at common law, the de-
fendant might show the items which formed the basis
of the account stated were incorrect. The question has
been squarely met and decided by a common law court
of high authority. [Thomas v. Hawkes, 8 M. & W.
140; 1 Ency. Pl. and Pr., 89.] Such evidence was ad-
missible under the common law general issue because
everything was open to proof on the part of defendant
under that plea which tended to show a defense.
[Northrup v. Mississippi, etc., Ins. Co., 47 Mo. 435.]
In this respect the general denial under the code is not
so comprehensive. Under the modern general denial,
the defendant may disprove only such matters as are
essential to sustain the plaintiff's case. Such plea is
a mere traverse in bar of the material facts pleaded in
the petition. [Northrup v. Mississippi, etc., Ins. Co.,
47 Mo. 435, 444; 1 Ency. Pl. and Pr., 816, 817.]

However, notwithstanding the more extensive scope of the plea of the general issue at common law and the competency of proof thereunder, which may not be given under the code general denial, and notwithstanding the fact that the common law general issue is raised by the appearance of the defendant before a justice of the peace when no answer is filed, it appears our Supreme Court has furnished a precedent for applying the doctrine of the general denial to suits on account stated arising before the justice when no answer is filed. In other words, the Supreme Court in Koegel v. Givens, 79 Mo. 77, 79, ruled in a case originating before the justice on a stated account and in which no answer was filed that proof proffered by the defendant tending to show the validity of items of the account stated was incompetent. This case is a precedent by which we are concluded under the Constitution.

We believe there can be no doubt in a case such as this one, where the defendant denies there has been an account stated and the promise to pay it, by interposing a general denial, that he may introduce any evidence thereunder which shows that there was actually no account between him and the plaintiff and that he had no dealings at any time with him. The principle is that which permits the defendant to show under the general denial any fact which goes to disprove the plaintiff's cause of action. Identically as the defendant may show that there was no settlement of the accounts between the parties and, therefore, no new promise, he may show, too, that he never had any dealings whatever with the plaintiff and that there was actually no account between them to settle, for such goes to destroy the entire cause of action or the very foundation of the cause of action relied upon. [Columbia Brewing Co. v. Berney, 90 Mo. App. 96, 99; Field v. Knapp, 108 N. Y. 87, 89; 1 Enc. Pl. and Pr., 89, 90.] It is always competent to prove any fact under the general denial which goes to show that plaintiff never had any cause of ac-

tion. [Hoffman v. Parry, 23 Mo. App. 20; Northrup
v. Mississippi, etc., Ins. Co., 47 Mo. 435-444; Greenway
v. James, 34 Mo. 326, 328; 1 Enc. Pl. and Pr., 817.]

But in this case the defendant did not seek to show
that there had been no dealings whatever and that no
account existed between the parties which might afford
a basis for the settlement. On the contrary, he ad-
mitted having received the fifty dollar item referred to
and sought only to impeach the one item with respect
to the telephone equipments which his counsel says he
did not receive. To permit this proof, operates to again
open up the merits of the controversy which is pre-
sumed to have been included and settled in the stated
account. If a defendant is overreached in a settlement
by having been induced through fraud, accident or mis-
take to agree to pay for an item which he had not
received, then he is entitled to relief to that extent un-
der a competent pleading to falsify the account. And
in the absence of fraud affirmatively appearing, it de-
volves upon the defendant to specially plead the fraud,
accident or mistake relied upon to the end of surcharg-
ing or falsifying the stated account, for the plaintiff
is entitled to notice of the special defense relied upon.
[Columbia Brewing Co. v. Berney, 90 Mo. App. 96;
Martin v. Beckwith, 4 Wis. 219; Warner v. Myrick, 16
Minn. 91; 1 Enc. Pl. and Pr. 89; 1 Am. and Eng. Ency.
Law, 460, 461, 462, 463.] The general rule is that any
defense not admissible under the general denial must
be pleaded. [1 Ency. Pl. and Pr. 89.]

The defendant sought to introduce evidence tend-
ing to prove that the plaintiff owed him a considerable
amount for telephone service furnished by defendant to
the plaintiff for some two or three years prior to the
alleged settlement of accounts between the parties.
This evidence was excluded. It is argued this ruling
was error for the reason defendant sought thereby to
show the account had been paid by the rendering of
such telephone service prior to the alleged settlement

in which the balance of sixty dollars was found to be due the plaintiff. This proof in no manner met the issue involved which was as to whether or not the running account between the parties was settled in February, 1904, as alleged by the plaintiff, and the defendant promised to pay the balance found to be due. The action on the stated account, as said before, is on a new promise into which all prior transactions are merged. All of this matter pertaining to an indebtedness from the plaintiff to defendant is presumed to have been reckoned with and balanced off at the time of the settlement between the parties. Any proof of payment, to be competent, must therefore necessarily post-date the alleged settlement. For the transactions prior thereto must be regarded as having been merged in the settlement of the stated account. [Columbia Brewing Co. v. Berney, 90 Mo. App. 96, 99.]

Defendant sought to introduce testimony to the effect that plaintiff owed him about fourteen dollars for telephone service rendered to the plaintiff since the date of the alleged settlement. The court excluded this evidence. There was certainly no error in this, as no set-off or counterclaim was filed in the case. Our statute provides no set-off or counterclaim may be pleaded in the circuit court that was not pleaded before the justice. [Sec. 4078, R. S. 1899; see also Compton v. Parsons, 76 Mo. 455.]

The judgment should be affirmed. It is so ordered. All concur.