**URBAN PAINTING & DRY WALL CO. et al., Plaintiffs, Respondents,**

v.

**Harry SANDER, Defendant, Appellant.**

**No. 33282.**

St. Louis Court of Appeals.

Missouri.

Sept. 16, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 14, 1969.

William R. Hirsch, Clayton, for defendant-appellant.

Leyhe, Jacobsmeyer & Meyer, Clayton, for plaintiffs-respondents.

DOWD, Judge.

Plaintiff commenced this action in the Magistrate Court of St. Louis County seeking to recover the sum of $1,239.30 plus interest alleged to be due for certain construction work performed for defendant. From an adverse judgment defendant appealed to the Circuit Court. Trial there was to the court, sitting without a jury, and resulted in a judgment against defendant for $1,239.30 plus interest in the amount of $200.17 making an aggregate judgment in the amount of $1,439.47 from which the defendant appealed.

The attorney for plaintiff did not argue the appeal or file a brief in this court.

The plaintiff,[1] a painting and dry wall contracting company entered into a contract with defendant to perform certain painting and dry wall work and to furnish material for seven buildings for a contract price of $2,866.00 per building. Plaintiff received $20,755.44 from defendant's escrow holder for work performed under this contract. Plaintiff contends that defendant is indebted to it in the amount of $1,239.30 for extra work done and brought an action on a typical Magistrate Court type petition based upon an account between plaintiff and defendant for materials and services furnished defendant and based upon a promise by defendant to pay the amount owed. Plaintiff further alleged that demand was made on defendant and that defendant has refused to pay. Defendant made no attack on the petition.

The evidence showed that after the contract was entered into the plaintiff started to perform the work. The money was held in an escrow account and plaintiff was paid as the job progressed. The procedure followed was that plaintiff would send an invoice to defendant setting out work done and plaintiff would then receive payments. Some of the invoices would show the work that was performed and some invoices showed payments received. Plaintiff's exhibit 3 which was introduced into evidence consisted of 43 invoices. These invoices showed all the work performed under the

1. Before trial plaintiff amended the caption of the petition to substitute the last board of directors of the corporation as plaintiffs and statutory trustees. The corporation charter was forfeited for failure to file the anti-trust affidavit pursuant to Section 351.525 RSMo 1959, V.A.M.S. The term plaintiff when used in this petition refers to the corporation.

contract and the work which plaintiff contends was "extras".

Plaintiff's exhibit 2 was a statement of a running account between plaintiff and defendant. The account showed the old balance, the date, invoice number, debits and credits and the balance thereafter. Plaintiff explained that when work was performed on a building the amount would be listed under debits and when a payment was received it was listed under credits.

This account showed that the balance due plaintiff by defendant was $1,239.30. Plaintiff introduced the contract which was in longhand and written by the plaintiff. It provided for "extras" upon a written order. R. B. Urban, president of the plaintiff corporation, testified that he performed "extras" but not upon a written order. The balance due was for "extras." Urban testified further that defendant admitted owing this debt.

Urban's testimony further showed that he, the defendant and Ralph Jones, a concrete contractor to whom defendant was also indebted, had a meeting concerning defendant's indebtedness. At this meeting defendant stated that his escrow account was short on funds. The defendant agreed that if the plaintiff and Jones would take a percentage of their balance due and sign lien waivers and final vouchers, the defendant would give each of them a promissory note for the remaining balance due. Plaintiff signed the lien waiver and final voucher, defendant's exhibit 1, and received $1,400.00 from the escrow account. This voucher contained a notation: "balance due payee: none." Thereafter, plaintiff attempted to obtain from defendant the note for the balance but the defendant never gave him the note.

Jones testified and corroborated the testimony of Urban relative to the meeting with defendant and the agreement made by the defendant. He further testified: " * * * I was more fortunate, I think, than others. I got the note before I turned loose of my voucher."

Defendant testified and denied that he owed plaintiff any money and stated that the only extra work he had requested plaintiff to do was to paint the outside stairway which amounted to $48.00 and that other work which plaintiff claimed was "extras" was work which plaintiff had to redo because it had been improperly done. Defendant further denied he had a meeting with Jones and Urban and denied he promised to give plaintiff a note for any balance. Defendant testified that plaintiff was paid in full and signed a lien waiver.

An associate of the defendant, Armin Bain, testified that the only extra work the defendant had the plaintiff do was painting the outside stairway. Bain further testified that he did know the plaintiff had sent the defendant a bill for "what he (plaintiff) claimed were extras."

The defendant filed a counterclaim but has "abandoned it" on this appeal.

This case was tried to the court without a jury and it is our duty to review the case upon the law and the evidence. As such we are governed by Section 510.310 RSMo 1959, V.A.M.S. and Rule 73.01, V.A.M.R. which so far as this case is concerned are identical. Under the statute and rule " * * * [a]ll fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached. * * * The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * * "

■ While the trial court did not state the ground upon which it based the judgment, it did state that this "is not a suit on a contract." An examination of the record convinces us that the judgment of the trial court would be consistent with a finding that the plaintiff was entitled to a judgment based upon an account stated. An account stated is said to be created when the parties, having had financial transactions between them, arrive at an agreement as to the balance due and the party debtor acknowl-

edges his obligation to the party creditor and promises to pay. Gerstner v. Lithocraft Studios Inc., Mo.App., 258 S.W.2d 250, 253; 1 C.J.S. Account Stated § 1, p. 693; Powell v. Pacific Railroad, 65 Mo. 658; Conkling v. Henry Quellmalz Lumber & Mfg. Co., Mo.App., 20 S.W.2d 564; Bloss v. Aurora Milling Co., 207 Mo.App. 402, 229 S.W. 833.

All the elements of an account stated are present here. The plaintiff and defendant had a financial transaction between them based upon the work being performed by the plaintiff and the agreement entered into by the plaintiff and defendant. There was a debtor-creditor relationship between the parties. The evidence showed that there was an agreement as to the balance due and that the defendant admitted owing this balance and agreed to give the plaintiff a note for the balance due.

■ When the original debt or balance was acknowledged by the defendant a new cause of action known as an account stated arose between the parties. The amount or balance so agreed upon constitutes a new and independent cause of action, superseding and merging the antecedent causes of action. Gerstner v. Lithocraft Studios, Inc., supra, 258 S.W.2d 250, l. c. 253 [4]; Wiggins v. Weston, Mo., 339 S.W.2d 781, 783; Barr v. Lake, 147 Mo.App. 252, 126 S.W. 755; 1 Am.Jur.2d, § 21, pp. 396–397.

■ We find that defendant's contention that the evidence was insufficient to support the judgment to be without merit. The evidence showed that the defendant acknowledged the debt and agreed to sign a note for the balance if the plaintiff would sign a final voucher and a lien waiver. This agreement and acknowledgment of the debt by the defendant was verified by the testimony of Jones.

■ Defendant also raises points pertinent to a contract action or an action in quantum meruit. Defendant also contends that the defendant was released by the final voucher.

These contentions have no application to this action which is based upon an account stated. This is the new and independent cause of action which arose when the defendant acknowledged the balance due and agreed to sign a note for the amount of this debt.

The judgment is affirmed.

WOLFE, P. J., and BRADY, J., concur.