POWELL AT AL. APPELLANTS V. PACIFIC RAILROAD.

**Account Stated**: ACQUIESCENCE. Although an account stated is, in law, an account settled between the debtor and creditor therein, in which a sum of money or a balance is agreed on, and an acknowledgment by the debtor in favor of the creditor of a balance, or sum certain, to be due, and an express or implied promise to pay the same, by the debtor to the creditor; yet, it is not necessary, to constitute an account stated, that the admission of the demand be made in express terms, but if the creditor has rendered his account to the debtor, exhibiting the items thereof and the amount due thereby, and the account is not objected to by the debtor within a reasonable time, the acquiescence of the debtor therein is to be taken as an admission that the account was truly stated, and if it has been assigned, it is not material whether such admission was made before or after the assignment.

*Appeal from Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

*Alexander & Childs* for appellants.

Plaintiff's third instruction is correct and should have been given. Greenleaf's Ev. Vol. 2, Sec. 126, 127, 128; *Lockwood v. Thorne*, 11 N. Y. 170; *Leahy v. Dugdale's, Admr.* 27 Mo. 437; ib. 34 Mo 99; ib. 41 Mo. 517.

*Thos. J. Portis* for respondent.

The evidence does not support the allegation of an account stated. *Cape Girardeau & State Line R. R. Co. v. Kimmel*, 58 Mo. 84; Greenleaf's Ev. Vol. 2 § 127; *Stebbins v. Miles*, 25 Miss. 267; *Cartright v. Green*, 47 Barb. 9; *Rutledge v. Moore*, 9 Mo. 533; *Bates v. Townsly*, 2 Exch. 152; *Knowles v. Michel*, 13 East 249; *Highmore v. Primrose*, 5 Maul. & Sel. 65; *Cobb v. Arundell*, 26 Mo. 553; *Andrews v. Allen*, 9 Serg. & R. 241.

NORTON, J.—This suit was instituted in the circuit court of Lafayette county, in which the petition of plaintiffs alleges that on the 8th day of July, 1872, defendant was indebted to one Gleason in the sum of $218.16, upon an account stated, being the amount due said Gleason from defendant for boarding hands and laborers employed by said defendant upon its road; said account accruing for boarding such employees from June 1st, 1872, to June 30th, 1872; that said account was, on the 8th day of July, 1872, assigned, for value, by said Gleason to plaintiffs, of all which defendant had due notice on the 12th of July, 1872.

Defendant in his answer, denies all the allegations of the petition, and alleges that on the 10th of July, 1872, one Francisco and one Bellamy recovered two judgments, before a justice of the peace, against said Gleason, upon which executions were issued to the constable of the proper township; that upon these executions said defendant was summoned, on the 11th day of July, 1872, as garnishee and debtor of said Gleason; that on the 23d day of July,

1872, defendant answered said garnishment, admitting that defendant owed and was indebted to said Gleason, at the time of the service of garnishment, on open account, in the sum of $218.16; that on the 26th day of July, 1872, judgments were rendered against defendant in favor of the plaintiffs in said executions, one for $91.80 and costs, and the other for $60.50 and costs. The answer alleges that the garnishment was served on defendant and the answers thereto made, before notice of sale or assignment of said account had been given, or received by defendant.

Plaintiffs, in their reply, deny all the allegations of the answer.

The case was tried by the court without the intervention of a jury, and judgment rendered for the defendant, from which plaintiffs have appealed to this court. The chief error complained of is the action of the court in refusing the third instruction asked for by plaintiffs, and in giving the first instruction asked for by defendant.

The instruction refused by the court, is as follows : To constitute an account stated, it is not necessary that the admission of the demand should be made in express terms, and if the said Gleason rendered his account to defendant, exhibiting the items thereof, and the amount due to him for boarding employees in the month of June, 1872, and if the same was never objected to by defendant, the acquiesence of defendant therein, is to be taken as an admission that the account was truly stated ; nor is it material whether the admission was made before or after the assignment of said account or demand. The following is the instruction given for defendant over the objection of plaintiffs: That an account stated, in the law, is an account settled between the debtor and creditor therein, in which a sum of money or a balance is agreed on, and an acknowledgment by one in favor of the other, of a balance or sum certain to be due, and an express or implied promise to pay the same by one to the other ; and the plaintiffs in this cause having sued and declared—not upon an itemized account—but upon an

alleged account stated, the court cannot find for plaintiffs herein, unless the plaintiffs have, by evidence, proven an account stated between John Gleason and defendant, as alleged by plaintiffs in their petition, and the assignment of such account stated by said Gleason to plaintiffs, as alleged in their petition.

The instruction given on the part of defendant, as to what constitutes an account stated, seems to be in harmony with the views expressed in 2 Green. Ev., Secs. 126, 127, and in the case of *Cape Girardeau & State Line R. R. Co. v. Kimmel*, 58 Mo. 83, and we therefore perceive no error in the action of the trial court in overruling plaintiff's objection thereto.

While this is so, the instruction asked on the part of plaintiffs, and refused by the court, enunciates principles of law which have received the sanction of the highest authorities. It is declared in 2 Green. Ev. Sec. 126, that to support an action upon an account stated, the plantiff must show that there was a demand on one side which was acceded to on the other. There must be a fixed and certain sum admitted to be due ; the admission must be voluntary, but it need not be express and in terms, for if the account be sent to the debtor in a letter, which is received but not replied to in a resonable time, the acquiescence of the party is taken as an admission that the account is truly stated. " It is not material, when the admission was made, whether before or after action brought, if it be proven that a debt existed before suit brought, to which the conversation related." 2 Green. Ev., Sec. 128. It is sufficient if the account has been examined and accepted by both parties, and this acceptance need not be express, but may be implied from circumstances. Between merchants at home, an account which has been presented and no objection made thereto, after the lapse of several posts, is treated, under ordinary circumstances, as being, by acquiescence, a stated account. 1 Story Eq. Jur., Sec. 526 In the case of *Lockwood v. Thorne*, 1 Kernan 170, Justice

Parker observes, "that whether on a given state of facts, the transaction amounts to an account stated, is a question of law and not of fact," and approvingly quotes from 6th Ala. 518, as follows: "So if, instead of an express admission of the correctness of the account, the party receiving it keeps the same by him, and makes no objection within a reasonable time, his silence will be construed into an acquiescence in its justness, and he will be bound by it as if it were a stated account." The rule as laid down by the authorities, seems to be that if one does not object to a stated account, which has been presented him, within a reasonable time, he shall be bound by it, unless he can show its incorrectness. *Murray v. Toland*, 3 John. Ch'y. 569; *Wilde v. Jenkins*, 4 Paige 481; *Phillips v. Belden*, 2 Ed. Ch'y. 1.

The evidence in the case at bar, showed that Gleason had been boarding the hands of defendant through the months of April, May and June, 1872; that at the end of each month he furnished defendant with a statement of his account for that month; that on the 30th of June he forwarded to defendant a statement of his account for boarding hands for that month, amounting to $218 and some cents, from which he heard nothing till the last of July, when the paymaster of defendant made no objection to its correctness. In view of the facts thus disclosed, that Gleason was engaged in boarding the hands of defendant anterior to the statement of his account, and in the light of the authorities above cited, we think that the court erred in refusing the instruction asked for by plaintiffs, and for this reason the judgment will be reversed and the cause remanded, in which the other judges concur.

REVERSED.