ISHAM E. ALEXANDER, Respondent, v. JOHN R. SCOTT et al., Appellants.

St. Louis Court of Appeals, June 28, 1910.

1. **TRIAL PRACTICE: Demurrer to Evidence: Admits What.** On defendant's demurrer to the evidence, the court is required to act entirely on the testimony of plaintiff as if uncontradicted, under the rule that the demurrer admits not only all plaintiff's testimony on the proposition, but every conclusion that can be drawn therefrom.

2. **ACCOUNT STATED: Sufficiency of Evidence: Question for Jury.** Evidence *held* to require submission to the jury of the question whether an account had been stated between plaintiff and defendant.

3. **————: Statement of Account: Competent Evidence.** In an action on an account stated, a statement of account made by defendant's authorized agent showing a balance due plaintiff is competent evidence, along with other facts, as tending to prove. the fact that an account and a settlement had been agreed upon.

4. **————: Need Not be in Writing: Proof.** An account stated need not be evidenced nor proved by a writing, but it is sufficient if the proof shows that a definite amount was agreed on between the parties on an accounting, which the debtor either expressly or impliedly undertook to pay.

5. **————: Requisites: Assent of Debtor.** An express assent by the debtor is not required as an essential element of an account stated; it being sufficient if the creditor renders the account to the debtor showing the items and the amount due, and the debtor does not object thereto within a reasonable time.

6. **PRINCIPAL AND AGENT: Authority of Agent: Account Stated.** Where defendants' bookkeeper in their absence was the general manager of their business, particularly of that part connected with the accounts, of which he had direct charge, and when requested for a statement of plaintiff's account with defendants, furnished such statement and told him that it would be sent to one of the partners for "payment" as

distinguished from "adjustment," the bookkeeper had ostensible authority to bind defendants by the account stated.

7. ———: ———: ———: **Instructions.** In an action on an account stated, where the authority of defendant's agent to agree on a settlement was questioned, an instruction "that the authority of an agent to represent and bind his principal by the making of admissions or statements need not be proven by direct evidence alone to that effect, but such authority may also be inferred from the habit and course of business dealings between such alleged agent and the persons whom he is charged with representing, provided such conduct and dealings, as shown in evidence, shall convince the jury, when considered in connection with all the other evidence in the case, that such authority did in fact exist at the time," followed by a cautionary instruction that the burden of proof was on plaintiff to establish the authority of the agent, is not subject to the criticism that it is too general and indefinite.

8. **CONTRACTS: Abandonment: Breach: Instructions.** An instruction that if, before plaintiff's contract was completed, a borrow pit involved, without plaintiff's fault and because of heavy rains, overflowed so that dirt could no longer be excavated therefrom, plaintiff's mere refusal to proceed further with the work until the water should recede was not sufficient to constitute an abandonment or breach of his contract so as to entitle defendant to complete the work for his account, was correct.

Appeal from St. Louis City Circuit Court.—*Hon Hugo Muench,* Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellants.

(1) Defendant's demurrer to plaintiff's evidence should have been sustained, there being no evidence that an account had been stated. Railroad v. Com. Co., 71 Mo. App. 299; Lustig v. Cohen, 44 Mo. App. 274; Marmon v. Waller, 53 Mo. App. 610. (2) The account given plaintiff by Mr. Baker did not constitute a stated account. Marmon v. Waller, 53 Mo. App. 610; Railroad v. Com. Co., 71 Mo. App. 299; Kenneth Inv. Co. v. Bank, 96 Mo. App. 125; Brew Co. v. Berney, 90 Mo. App. 96; McKeen v. Bank, 74 Mo. App. 281; Lustig v. Cohen, 44 Mo. App.

271.  (3) Defendants' instruction as to the agency of Mr. Baker, refused by the court, should have been given. Mr. Baker had no authority to state an account between plaintiff and defendants. Boogher v. Life Ins. Co., 8 Mo. App. 533; Cummings v. Hurd, 49 Mo. App. 139; Haubelt v. Mill Co., 77 Mo. App. 672; 1 Am. and Eng. Ency. Law (2 Ed.), p. 964 tit. Agency. (4) Instruction 1 given by the court of its own motion was misleading and did not correctly declare the law.  Zimmerman v. Railroad, 71 Mo. 476; Hof v. Transit Co., 213 Mo. 445; Boogher v. Maryland L. I. Co., 8 Mo. App. 533; Cummings v. Hurd, 49 Mo. App. 139; Haubelt Bros v. Mill Co., 77 Mo. App. 672. (5) Instructions 1 and 2, given at request of plaintiff, were erroneous because they do not tell the jury what the court means by "stated." Stifel v. Lynch, 7 Mo. App. 326; Marmon v. Waller, 53 Mo. App. 610. (6) Instruction 3, given at request of plaintiff, was erroneous because not based on or supported by the evidence.  Stephan v. Metzger, 95 Mo. App. 609; Am. S. & M. Co. v. Transit Co., 120 Mo. App. 410; Moore v. Hawk, 57 Mo. App. 495; Gorham v. Railroad, 113 Mo. 408.

*J. W. Jamison* for respondent.

(1)  In determining whether there was evidence of an accounting and settlement between plaintiff and defendant, the court will not consider defendants' controverting evidence, but will assume plaintiff's evidence is true, and will give it every favorable inference that may reasonably and fairly be drawn from it.  Holloway v. Kansas City, 184 Mo. 19; Alcorn v. Railroad, 108 Mo. 81; Keown v. Railroad, 141 Mo. 86.  (2)  The second point made in appellant's brief is that the account given plaintiff by defendants' agent Baker, did not constitute a stated account.  It may be said in answer to this point, that it is wholly immaterial whether the paper was, within itself, sufficient to constitute an account stated.

Plaintiff did not file this particular paper in the justice's court and sue on it as an account stated, but it was alleged in substance in the complaint that on or about the 12th day of May, 1905, a full settlement was had between plaintiff and defendant and in that settlement it was found, ascertained and agreed that the defendants owed plaintiff a balance of $279.84. The statement handed plaintiff by Baker was competent evidence tending to prove that an accounting was had and a settlement agreed upon. Ware v. Manning, 86 Ala. 238; Treadway v. Ryan, 3 Kan. 437; Finley v. Kirkland, 9 Mart. (La.) 463; Chapman v. Lee, 47 Ala. 143; Bell v. Brockway, 48 Mich. 523; Beals v. Wagener, 47 Minn. 489; Goodrich v. Coffin, 83 Mo. 324; 2 Greenleaf on Ev., sec. 126; Kogel v. Givens, 79 Mo. 77; Lustig v. Cohen, 44 Mo. App. 271; Marmon v. Waller, 53 Mo. App. 610; Estes v. Shoe Co., 54 Mo. App. 543; Howell v. Railroad, 65 Mo. 658; Kent v. Highleyman, 17 Mo. App. 9. The respective bookkeepers of debtor and creditor may state an account binding upon the employers as a stated account. Rice v. Schloss, 90 Ala. 416. The clerk of the creditors who were corn factors may state an account with the debtor of such factors. Chisman v. Count, 2 M. & G. 307. (3) Plaintiff's instructions 1 and 2, and defendants' instruction numbered 5, were correct declarations, and on principle have heretofore been approved by the Supreme Court and the Courts of Appeal of this state. Powell v. Railroad, 65 Mo. 66; Burger v. Burger, 34 Mo. App. 155; Lustig v. Cohen, 44 Mo. App. 274.

REYNOLDS, P. J.—This action was commenced before a justice of the peace by the plaintiff, respondent here, against the defendants, as co-partners, the statement filed before the justice setting out that plaintiff had been employed by the defendants to do certain work of grading, building and constructing the Valewood levee in Issequena county, Mississippi; that on the 12th day

of May, 1905, plaintiff completed the work he had contracted to do, "and on said date there was taken and
stated an account between plaintiff and defendants,
and a full settlement was agreed upon between them.
That it was found and ascertained by and between plaintiff and defendants, that defendants owed plaintiff, as
a balance for the work done by him, as aforesaid, the
sum of $279.84." Averring a .refusal to pay this by defendants, judgment is demanded for the amount and for
costs.      Defendants appearing filed a counterclaim
and set-off for work and labor done, goods furnished and
money expended in the matter of the work and contract
let to plaintiff for the grading, etc., of the levee, "and
which was abandoned by plaintiff and completed by defendant, as per' statement hereto attached marked .Exhibit A—$68.41." The Exhibit A attached is an itemized
statement of the debits and credits showing balance due
defendants as above. On appeal from the judgment of
the justice against defendants to the circuit court, the
case was tried before the court and jury, resulting in
favor of plaintiff on his account and against the defendants on their counterclaim. Judgment followed accordingly from which plaintiff, duly saving exceptions
to adverse rulings, perfected an appeal to this court.

There was evidence tending to prove that the plaintiff did the work under a contract as stated, down to a
certain time, when he abandoned it, as plaintiff claims,
justified in the abandonment by the refusal of the defendants to clear out a certain borrow pit, and there was
evidence on the part of the defendants tending to show
that in consequence of failure of plaintiff to comply
with the contract and to do all work necessary to be
done, they had done work in. completing the grading.
An itemized account of this is' set up in the counterclaim, showing a balance due defendants of $68.41, as
claimed. That is to say, each party to the action introduced evidence tending to support their respective
claims. It is sufficient to say of that evidence, that it

was conflicting.   The principal contention is as to the authority of a Mr. Baker to act for the defendants in agreeing to the account on which plaintiff sues.   According to the testimony on this point, as abstracted by the learned counsel for the defendants, appellants here, Baker was a bookkeeper for the defendants, stationed at the place where this levee work was being done.   He rendered statements once a month to the sub-contractors, of whom plaintiff was one, showing the amount of work they had done during the month and the amount of charges, the statement showing the amount due for the number of yards done at so much a yard, less fifteen per cent, which was retained from the amount due.   At the time of the particular transaction involved here, none of the defendants were there, but their representative at the works appears to have been this Mr. Baker. Baker also appears to have been the treasurer, in that he would pay off the labor every two weeks, but he did not pay the sub-contractors, although he had occasionally paid plaintiff when he asked for pay on account of his work. When the defendants or any of them were present, they were in supreme charge; when they were not there no was was over Baker in his department.   In the absence of the Scotts, he had full charge of the office which was their general headquarters.   The plaintiff, testifying as to the immediate transaction, testified that the account which is relied on as evidence of the statement or settlement between the parties was handed to him by Mr. Baker; that Baker attended to the books, had charge of the store of supplies which the contractor kept there for the sub-contractors and the men, and of things about the place.   The Scotts were absent a good deal of the time; would stay at the works four or five days and be away four or five days and when they were gone Mr. Baker was in charge; he was the head man there in the store at that place; plaintiff heard him give orders about the work.   Baker made statements to plaintiff of his account every month; on the 2d or 3d of each month fur-

nished him a statement of what he had received from the defendants and his credits for work done. He would figure it up and tell him what was coming to him and one of the defendants, Mr. Edward Scott, would give him a check for it; that had been the course of dealing, plaintiff testified, right along. Plaintiff further testified that Baker gave general directions about the camp. These statements had all been received from Baker and from no one else, and a number of times when the plaintiff was short of money Baker would give it to him. Referring to the particular transaction, plaintiff testified that on that day he asked Baker what was the balance, "and he told me $279, etc., and I put it in pencil on the paper, and I says, 'When can I get this?' He said, 'Ed is not here. He may not be here before you go.' He took my address down, Boonville, Mo., and said, 'I will send you a check for it just as soon as he comes.'" It appears that plaintiff was testifying with a statement before him which Baker had given him, on which it appeared that the difference between the debits and credits had been figured up in lead pencil, showing what was coming to plaintiff; they, plaintiff and Baker, had figured up the difference. The defendants denied, in their testimony, any authority of Baker to act for them in making the statement, and it appears that Baker himself disclaimed authority although testifying to what he had done in the matter.

In addition to the evidence as abstracted above, in the statement of counsel for appellants, defendants below, it was in evidence that when plaintiff stopped work he made a demand for a settlement and a statement of his accounts; went to the general office of the defendants, to Mr. Baker, the man with whom he had done all of his business and from whom he had received all his statements, some eight or nine, and he gave him a statement which is the one plaintiff produced and identified. This statement is in the abstract and is dated May 12, 1905, headed, "Mr. I. E. Alexander, in account with

John Scott & Sons." Then follows debit items amounting to $8148.14. Following this are credit items, including an item of $1181.50, being fifteen per cent retained on payments, the total credits amounting to $7246.48, leaving a balance of $901.66, as due from plaintiff to defendants; deducting this $901.66 from the $1181.50 which was the fifteen per cent retained and payable when plaintiff finished up, left a balance due plaintiff of $279.84, and this is what, as before stated, had been figured in lead pencil on this account by Baker and the plaintiff when this statement was handed to him on that occasion by Baker. Plaintiff further testified that when Baker handed him this paper, plaintiff asked him if he had made up his statement, and Baker said he had, and thereupon handed him the paper. Plaintiff asked Baker how much was coming to him and Baker figured it up and told him, the amount being, as before stated, $279.84, whereupon plaintiff testified that he put it in pencil on the paper and then asked Baker when he could get it, to which Baker replied, "Ed," meaning one of the defendants, Mr. Edward Scott, "is not here. He may not be here before you go." Baker then took down plaintiff's address and told him he would send him a check for it as soon as Mr. Edward Scott came. Plaintiff further testified that this account was correct.

The assignments of error are in the refusal of the court to sustain a demurrer to the evidence interposed by defendants, defendants claiming that there was no evidence that an account had been stated; that the account given plaintiff by Baker did not constitute a stated account; that defendants' instruction as to the agency of Baker, refused by the court, should have been given, as Baker had no authority to state an account between plaintiff and defendants; that the instruction given by the court of its own motion and the first and second and third instructions given at the request of plaintiff were erroneous, in that the instruction given

by the court did not correctly declare the law; that the first and second instructions given at the request of the plaintiff were erroneous in that they did not tell the jury what the court meant by "stated," and that the third instruction given at the request of plaintiff was erroneous because not based on or supported by the evidence. Following these in their order as near as possible, we cannot sustain the first point, that the demurrer to plaintiff's evidence should have been sustained on the ground that there was no evidence that the account had been stated and that the account given by Mr. Baker did not constitute a stated account. It is to be noted that the account or written statement, which was given in evidence, was not the instrument sued on, but was used by plaintiff as evidence of the fact of an account stated; that is that the plaintiff and defendants, through the agent of the latter, had met and agreed upon the amount of indebtedness, or the state of account between them, and this written memorandum along with the oral testimony in the case was relied on to prove an account stated.

It is, of course, to be assumed that when the court acted on the demurrer which the defendants asked, to the effect that there was no evidence of an accounting and settlement between plaintiff and defendant, it acted entirely upon the testimony of the plaintiff as if that was uncontradicted, for by interposing the demurrer, the defendants admit not only all of the testimony of plaintiff on the proposition, but every conclusion which can be properly drawn from that testimony. So that as far as that point is concerned, the demurrer or instruction was properly overruled or refused. There was testimony from which the jury had a right to assume that an account had been stated and agreed to between plaintiff and Baker. As before noted, the action is not on this paper, but the action is as on an account stated, and the paper was competent evidence along with the other evidence in the case, tending to prove the fact of an ac-

count and a settlement agreed upon. Outside of the paper itself, there was the positive affirmative testimony of plaintiff that the account had been agreed upon. All that is necessary and required in proving an account stated is to prove a definite amount as an amount agreed upon between the parties, an account becoming an account stated when the parties have accounted together and arrived at and agreed upon a balance which the debtor has either expressly or impliedly undertaken to pay. An account stated need not be evidenced by a writing, nor need it be proved by a writing. There must be a fixed and certain sum admitted to be due. [2 Greenleaf, Evidence (Lewis Ed., 1896), sec. 126; Koegel v. Givens, 79 Mo. 77; Estes v. Hamilton-Brown Shoe Co., 54 Mo. App. 543.] It has even been held that express assent by the debtor need not be given to the account if the creditor renders it to the debtor, showing the items and the amount due and the debtor does not object to it within a reasonable time. [2 Greenleaf, supra; Powell v. Pacific Railroad, 65 Mo. 658; Ottofy v. Winsor, 137 Mo. App. 272, 119 S. W. 40.] So that we think there was ample evidence in the case to have warranted the jury in finding that the transaction between Baker and plaintiff was the statement or an agreement upon an account, and constituted within the law an account stated.

The question then recurs as to whether there is evidence in the case tending to show authority in Baker to render or agree upon an account, so as to hold defendants to it as on an account stated. We are referred to two case by counsel for the respondent in support of the proposition that the respective bookkeepers of the debtor and creditor may state an account binding upon the employers as a stated account and that the clerk of the creditors may state an account with the debtor. [Rice v. Schloss & Kahn, 90 Ala, 416; Chisman v. Count, 2 Manning and Granger, 307 (385).] But while not aware of any decisions in our own state which illustrate the point as these two cases do, in that they

expressly cover the act of the clerk or agent and not of the principal, we know of no reason why the rule applicable to dealings between parties through recognized agents, acting in the course of the agency, should not apply to this transaction. Judge Story, in his treatise on Agency (2 Ed., sec. 138, p. 157), says that "where an agent is authorized to pay money for work done for his principal, or where he is referred to, to settle and adjust an account or business, his admissions of the existence of the debt, and of its validity, will be sufficient to take the case out of the statute of limitations." We see no reason why, on application of this to the matter in hand, it is not also sufficient to create or establish an account stated. There was abundance of evidence to show that this bookkeeper, in the absence of the defendants, was in the general management of the business of the defendants, and particularly with that part of it connected with the accounts. He was the man directly in charge of the accounts. The probabilities are that defendants themselves knew nothing of the details of accounts but what this bookkeeper told them. Counsel for appellants, as if it was a conceded fact, claim that this bookkeeper told the plaintiff that the account must wait the adjustment of one of the partners, or that he would send it to the partner for adjustment. But there is evidence that he stated the amount of the balance due plaintiff and told him that he would send a statement of that amount to one of the partners, who drew the checks and paid accounts, and that that partner would send plaintiff a check for the amount taking from plaintiff his postoffice address, Boonville, for the purpose of having the check sent to him for the amount stated between them.

A very careful examination of the instructions given at the instance of plaintiff and of the defendants satisfies us that the court properly placed the case before the jury and committed no error in the giving of the instructions which are complained of. Strenuous complaint is

made of the first instruction given by the court at its own instance. By this the court told the jury "that the authority of an agent to represent and bind his principal by the making of admissions or statements need not be proven by direct evidence alone to that effect; but such authority may also be inferred from the habit and course of business dealings between such alleged agent and the persons whom he is charged with representing, provided such conduct and dealings, as shown in evidence, shall convince the jury, when considered in connection with all the other evidence in the case, that such authority did in fact, exist at the time." The court followed this with the further caution that the burthen of proof that Baker was authorized to represent and bind the defendants by the rendition of an account or by making an agreement to settle a balance due or to make any promise for the payment thereof, rested upon the plaintiff. The criticism levelled at this instruction is, that it is too general and indefinite; that under the instruction one juror might say that he is satisfied that Baker had the authority to bind the defendants from the fact that he was an old employee of the defendants, and another would be satisfied from the fact that Mr. Baker made out the monthly statements; that, in effect, each of the twelve jurors was allowed to arrive at the conclusion of Baker's agency, each juror basing his conclusion on a different state of facts. We do not think the instruction is subject to this criticism and we do not see how it could have been made more definite than it was without danger of being erroneous in singling out specific facts and directing the attention of the jury to those facts, a thing which is always objectionable in an instruction.

On the counterclaim of the defendants, the court, at the instance of plaintiff, told the jury that if they found that before plaintiff's contract was completed, a borrow pit involved, without fault of plaintiff and because of heavy rains, overflowed so the dirt could no

longer be excavated therefrom, then the mere refusal by plaintiff to proceed further with the work until the water should recede was not sufficient in law to constitute an abandonment by plaintiff of his contract nor a breach of the terms thereof so as to entitle the defendants to complete the work for his account and to recover any sums against plaintiff by way of counterclaims therefor. The instructions asked by the defendants in the matter of counterclaims were all given, so that defendants have no cause whatever to complain of the manner in which their counterclaim was presented to the jury. Moreover, the court, at the instance of the defendants, gave this instruction to the jury: "That unless they believe from the evidence that some one or more of the defendants or some person authorized by them so to do agreed with plaintiff that defendants were indebted to plaintiff in the sum of $279.84, then the verdict must be in favor of the defendants on the plaintiff's cause of action." The only instruction which the defendants asked and which the court refused was the one heretofore referred to, to the effect "that there is no evidence that the witness Baker had any authority from defendants to state an account between them and plaintiff or to agree for defendants that they owed the plaintiff any definite sum of money." We see no reason to hold that there was any error whatever in connection with the giving or refusing of instructions. We have set out and discussed the evidence relating to this refused instruction and hold it to have been properly refused. Finding no error to the prejudice of the defendants, the judgment of the circuit court is affirmed. All concur.