KANSAS CITY COMMERCIAL PHOTO VIEW COMPANY, Respondent, v. KANSAS CITY BRIDGE COMPANY, Appellant.

Kansas City Court of Appeals. May 23, 1921.

1. ACCOUNT STATED: A Demand on One Side Acceded to on the Other for a Fixed and Certain Sum Admitted to be Due Constitutes an Account Stated. To support an action on an account stated plaintiff must show that there is a demand on one side that is acceded to on the other and there must be a fixed and certain sum admitted to be due.

2. ———: Where the Facts are Undisputed, Whether Transaction Amounts to an Account Stated, Question of Law. Where the facts are undisputed whether the transaction amounts to an account stated is a question of law and not of fact.

3. ———: Rule of Implied Admission by Acquiescence Cannot be Made by Debtor. The rule of implied admission by acquiescence is applicable only where the party insisting that the demand is established by acquiescence was the one who presented or rendered the account, and claim cannot be made by debtor.

ON MOTION FOR REHEARING.

4. **APPEAL AND ERROR:** Appellant Cannot have Case Reopened so as to Submit New Theory. Under rule 20, appellant, after adverse decision in appellate court, is not in a position to have case reopened so that he may submit another theory.

Appeal from the Circuit of Jackson County.—*Hon. O. A. Lucas, Judge.*

AFFIRMED.

*Jacob G. Wine* for respondent.

*Clarence I. Spellman* and *John G. Park* for appellant.

BLAND, J.—This is an action upon an open or running account had between plaintiff's assignor and defendant, the first item of the account is of date January 22, 1909, and the last, March 9, 1910. Plaintiff recovered a verdict and judgment in the sum of $1731.80 and defendant has appealed. This is the second appeal in the case. [See Kansas City Photo Co. v. Kansas City Bridge Co., 195 S. W. 1051.]

There was but one witness, C. K. Bowen, who was plaintiff's assignor. Defendant introduced no evidence. At the close of plaintiff's case defendant requested the court to instruct the jury that all items of the account sued upon, except those of the year 1910, amounting to $14, were withdrawn from the consideration of the jury. The court refused this instruction.

The facts show that in January, 1909, Bowen was called to defendant's office and employed to photograph a number of bridges, to make enlargements of the photographs and to frame them; that in January, March, April and May, 1909, Bowen and his assistants made a large number of negatives of bridges constructed by defendant, took prints from the negatives and enlarged and framed them; that the reasonable value of said work was $1089.40; that after May 10, 1909, he did no more work until March 9, 1910, when he enlarged and framed

two photographs, which amounted to $14. The total amount of the account sued upon was $1103.40.

Defendant pleaded the five-year Statute of Limitations against all the items except for the work done in 1910, claiming that the items down to and including May 10, 1909, had become a stated account and was barred by the five year Statute of Limitations. Suit was brought on March 1, 1915. However, if the 1910 items are to be included within the account, then under the doctrine that if the last item of a running account is not barred by the Statute of Limitations the whole is saved from the operation of the statute, the defense of the Statute of Limitations fails. But, of course, if the 1909 items constituted a stated account the 1910 items were not a part of the account, and the 1909 items were barred by the statute. Defendant contends, and the evidence shows, that on or about May 25, 1909, Bowen rendered a statement of the account to defendant; that no objection was made to the work at any time and none was made to the account until after suit was brought when an officer of the defendant objected that the bill was generally too much. Under the doctrine that where the party receiving the account keeps it and makes no objection within a reasonable time his silence is taken to be consent and acquiescence in the account and he will be bound by it as if it were a stated account, defendant contends that the account as a matter of law became a stated account not later than six months after May 25, 1909, or November 25, 1909, and as the suit was not instituted until March 1, 1915, more than five years after the last-mentioned date, it was barred by the statute.

In relation to the contention that a statement was rendered on May 25, 1909, containing sufficient facts to form the basis of an account stated, the evidence shows that Bowen sent bills and statements at various times to defendant and in various forms, some showing merely the amount due, others the items of work done to the date the statement was sent and charges for each item, and still others covering merely the work done upon a par-

ticular order and the charges therefor. Bowen testified "that whenever I did any work I charged it upon my books, a continuous bill. Several times I rendered a memorandum up to date, then I would, once or twice, when I would take pictures or frame, I would leave them a memorandum of that account. The items as they were taken were added to the original account and then I rendered them after . . . it seemed like all the work they were going to give me, then I rendered them a bill for all they had. That was in April, 1910, and was for all the work that I had done. The account was kept open because they promised me more work." About May 25, 1909, Bowen sent some kind of a statement to defendant. This statement does not appear in the evidence. He testified that this was an itemized bill of the part completed. That about this time the defendant told him that it had more work to be done. As before stated, it gave him no more work until March, 1910. It was not until about the first of December, 1909, that he sent his account to the defendant and appended at the foot these words, "Gentlemen, this is the 3rd reminder. Will you kindly remit all or part as soon as possible and oblige. Yours truly, C. K. Bowen." Plaintiff contends that the evidence fails to show that the statement rendered on or about May 25, 1909, was sufficiently definite as to form a basis for an account stated and we are very doubtful if it was, but it is not necessary for us to so hold as, assuming that it was, we think it never became an account stated in view of the facts in this case.

It is well settled that to support an action on an account stated plaintiff must show that there is a demand on one side that is acceded to on the other and there must be a fixed and certain sum admitted to be due. There need not be an express admission for if the party receiving the account keeps the same and makes no objection within a reasonable time, his silence will be construed into acquiescence in its justness and he will be bound by it as if it were a stated account. Where the facts are undisputed, as in this case, whether the transaction a-

mounts to an account stated is a question of law and not of fact. [Powell v. Pac. R. R. Co., 65 Mo. 658; Grocery Co. v. Hotel Co., 183 Mo. App. 429, 436.] But the rule of implied admission by acquiescence is applicable only where the party insisting that the demand is established by acquiescence was the one who presented or rendered the account. As was stated in White v. Campbell, 25 Mich. 462, 469—

"The inference of the assent from mere passiveness, has always been made against the passive party, and never in favor of that party as against the other."

The same rule is laid down in Payne v. Walker, 26 Mich. 60; 25 Cyc. 1134; 1 Amer. & Eng. Encl. of Law (2 Ed.) 452. We, therefore, hold that defendant is in no position to make the defense that the statement rendered on or about May 25, 1909, together with the circumstances that defendant claims show acquiescence in its correctness by the defendant, constitutes the items prior to that date a stated account. There is some evidence that defendant from time to time promised to pay for the work but when any of these times was, is not shown.

Complaint is made of the court's instruction No. 2 which covers the entire case and purports to direct a verdict. The undisputed evidence shows plaintiff's assignor did the work charged for at defendant's request; that the work done was the kind ordered; that the prices charged were reasonable and that statements were repeatedly sent to defendant and payment requested. There was, therefore, nothing to submit to the jury except the amount of plaintiff's recovery, which was properly submitted. It is therefore unnecessary for us to discuss the point made against the court's instruction No. 2.

The judgment is affirmed. All concur.

#### On Motion for a Rehearing.

BLAND, J.—It is claimed that the foregoing opinion is in conflict with the opinion in the case when it was formerly here (K. C. Photo Co. v. K. C. Bridge Co., 195

S. W. 1051.) We fail to so find. It appears from the opinion in the former appeal that the question of the account being stated, and the Statute of Limitations affecting it as such, was not an issue, for the court said at l. c. 1052. "But defendant did not try the case on that theory" (that is, that the account became stated by its retention by defendant). However, it appears that there was an issue as to whether the $14 item that was necessary to save the whole account from the statute was a part of the running account, that is, whether or not the first items were settled and agreed upon before the transaction giving rise to the last item, and plaintiff's instructions were declared erroneous in regard to that point. A reading of the former opinion fails to disclose that the court had before it the question as to whether retention of an account by the debtor could be used by him to defeat the debt by using the Statute of Limitations in connection with the fact of retention. The court in the concluding paragraph in the former opinion was careful not to declare that the first items of the account became an account stated.

It is also insisted that the evidence was not undisputed; that defendant filed a general denial and that, although there was no testimony except on behalf of plaintiff, the facts were for the jury to decide. This is a new contention in the case. The only witness in the case was Bowen and appellant submitted this appeal originally on the theory that what Bowen said was true and that under his testimony defendant was entitled to judgment as a matter of law. In its brief defendant stated:

"In the instant case it is undisputed that plaintiff visited the sites of the bridges, photographed them, made the negatives, photographs, enlargments and furnished the frames and delivered them on the dates mentioned, all as charged in the account sued on for the year 1909," and—

"On agreed facts, the question of whether or not there was an account stated is a question of law."

"In the absence of dispute as to rendition of account and time of objection the reasonableness of the time in

which the objection should be made is a question of law for the court and not a question of facts for the jury.''

Defendant is not in a position to have the case reopened so that he may submit another theory. (Rule 20.)

With the concurrence of the other judges the motion for a rehearing is overruled and it is so ordered.