258 S.W.2d 250 (1953)
GERSTNER et al.
v.
LITHOCRAFT STUDIOS, Inc.
No. 28603.
St. Louis Court of Appeals. Missouri.
May 19, 1953.
*251 Suelthaus & Krueger, St. Louis, G. L. Seegers, St. Louis, of counsel, for appellant.
Edmund J. Barker, St. Louis, for respondents.
WOLFE, Commissioner.
This is an action upon an account stated, and from a verdict and judgment in the amount sued for the defendant prosecutes this appeal.
It is alleged in plaintiffs' petition that they furnished labor and material of the total value of $11,901.14 to the defendant corporation and that the defendant made various payments on account of the indebtedness. It is alleged that the balance owing was acknowledged by the defendant and that there was unpaid, upon the account stated, the sum of $1,900 at the time suit was instituted. The defendant by its answer denied that an indebtedness had been acknowledged, asserted that it had paid the reasonable value of the work done, and set up a counterclaim for $1,330.27 on the alleged failure of the plaintiffs to properly perform the work for which they had been hired.
*252 The evidence disclosed that the plaintiffs as partners did business under the name of Electric Service Company and that they had done electrical work for the defendant corporation for a number of years prior to the work out of which this action arose. The transaction giving rise to this controversy began in 1949 when the Lithocraft Studios, Inc. was obliged to move its plant to a new location, where it was necessary to install lights and electrical connections for the apparatus used in its business. At the request of E. F. Svoboda, Sr., president of the Lithocraft Studios, Inc., the plaintiffs sent a Mr. Milde, one of their employees, to check the needed wiring and installations preparatory to an estimate of the cost of the work to be done. Thereafter, upon the basis of the then known needs of the defendant company, the plaintiffs estimated that the work would cost about $6,000, and so informed Mr. Svoboda.
After they started working the defendant's plans were changed and some of the equipment needing electrical connections was moved to the second floor. This required heavy circuits to be installed and additional "panels" put in. Fluorescent fixtures were also added. The original plans called for 35 receptacles and the plans as changed required the installation of 119. The final charge for the work as completed was $11,901.04.
The work which was started in 1949 was not completed until February of 1950, at which time an itemized bill was sent to the defendant. In May and June of that year payments were made on the account, but in July no payment was received and Mr. Milde went to see Mr. Svoboda, who asked then for a more detailed statement. He was given an itemized list of the material supplied and the labor employed, but he returned it and said that he could not understand it for he was not an electrical engineer. He was then asked to give notes for the balance, but he declined to do this, saying that to do so would be a recognition of the account.
According to plaintiffs' testimony Svoboda never denied that the corporation owed the amount for which it was billed but Svoboda testified that he thought the bill was entirely out of reason and he never "recognized" the figure submitted in the final bill. There were no further conversations at that time and on July 31 the plaintiffs wrote the defendant the following letter:
"With reference to balance due us in the amount of $6800.14 from our February account with you, we wish to state that evidently we have failed to impress you with the urgency of our need for this money as two weeks have now passed since our conversation with you.
"We now wish to state that unless we have your check to cover in full by August 10th, 1950 it will be necessary for us to turn this account over to our attorney for any action that he deems necessary to collect.
"We regret that we have to take this stand, but as we do need this money badly, it seems to be the only action left to us."
The following reply signed by Svoboda as president of the defendant corporation was received:
"Enclosed you will find our check in the amount of $1300.14. Kindly apply this to the amount we owe you.
"We regret to say that we will not be able to pay this account in full by August 10th; however, we shall endeavor to close it at the earliest possible moment.
"For your information, Mr. Gerstner, the writer happens to be an Attorney and is aware of what he is doing."
The plaintiffs then wrote a letter acknowledging receipt of the check and requesting payment of the balance within ten days. To this second letter the defendant replied:
"Just received your letter of September 2nd. Like yourself we have encountered considerable trouble in our collections.
"Please be assured, however, that it is our earnest desire to pay this account at the earliest possible date, and *253 all of our efforts are directed in that direction.
"You will hear from us in the next few days."
After this letter several payments were made reducing the account to $1,900, and when that sum was finally requested in March, 1951, Svoboda then stated that the corporation would not pay any more.
The defendant dismissed its counterclaim, so it would serve no useful purpose to set out the testimony in relation to it.
The first point presented for our consideration is that the court erred in not directing a verdict for the defendant, and this is urged upon the theory that the evidence was insufficient to prove an account stated. An account stated is said to be created when the parties, having had financial transactions between them, arrive at an agreement as to the balance due and the party debtor acknowledges his obligation to the party creditor and promises to pay. 1 C.J.S., Account Stated, § 1, p. 693; Powell v. Pacific Railroad, 65 Mo. 658; Conkling v. Henry Quellmalz Lumber & Mfg. Co., Mo.App., 20 S.W.2d 564; Bloss v. Aurora Milling Co., 207 Mo.App. 402, 229 S.W. 833.
The defendant concedes that when an account is acknowledged and a promise to pay it has been made the creditor may maintain an action such as this, but he asserts that the acknowledgment of the debt must be "absolute, unconditional and unqualified". We are cited to Rutledge & Farrar v. Moore, 9 Mo. 537; F. G. Barton Cotton Co. v. Vardell, 217 Mo.App. 691, 275 S.W. 62; Quint v. Loth-Hoffman Clothing Co., 207 Mo.App. 391, 233 S.W. 92. The early case of Rutledge & Farrar v. Moore had to do with the promise to pay for a boat if the promising party could not replace it. In F. G. Barton Cotton Co. v. Vardell a letter was offered as proof of an account stated but the demand contained in it was for no definite amount. And in Quint v. Loth-Hoffman Clothing Company there was a provisional promise to pay. It will be noted that in these cases the acknowledgment was contingent or alternative or no sum was fixed, and it is true that under such circumstances no account stated can possibly arise.
This, however, does not mean, as the appellant seems to contend, that there must be an express acknowledgment that there is a fixed sum owing and a definite promise to pay that amount. Even silence of a debtor may under some circumstances be sufficient to establish his acknowledgment of the account as stated. As was said in Kansas City Commercial Photo View Co. v. Kansas City Bridge Co., 208 Mo.App. 255, 233 S.W. 947, 948:
"There need not be an express admission, for if the party receiving the account keeps the same and makes no objection within a reasonable time, his silence will be construed into acquiescence in its justness, and he will be bound by it as if it were a stated account."
Here we have a situation wherein the debtor received a letter with the precise amount demanded set out in it and the debtor replied by sending a payment and expressing regret that it could not pay "this account" in full. "This account" could refer to no other than the one for which payment had been requested in a fixed amount. So we have more than mere silence, and the letters exchanged were adequate evidence that the amount demanded was unconditionally acknowledged as due. Caneer v. Kent, 342 Mo. 878, 119 S. W.2d 214; Conkling v. Henry Quellmalz Lumber & Mfg. Co., supra.
It is asserted that an account stated must be a new contract supported by a consideration and that the evidence falls short of these requirements. An account stated must be predicated upon some prior transaction and the consideration to support it is the consideration for the original debt. It is when the original debt is acknowledged that a new cause of action known as an account stated arises between the parties. Barr v. Lake, 147 Mo.App. 252, 126 S.W. 755. There is no question that there was a sum owing, so there was no lack of consideration.
*254 It is also urged that since Milde testified that Svoboda would not give notes for the balance the plaintiffs demanded at the time the account was discussed with him by Milde and Gerstner and since he stated as his reason that to give such notes would be an acknowledgment of the indebtedness, this was proof that the account was never acknowledged. Such contention overlooks the fact that this conversation took place prior to the time the account stated arose and it cannot be construed to annul the effect of the letters exchanged at a later date.
In Caneer v. Kent, 342 Mo. 878, 119 S.W. 2d 214, 216, the Supreme Court quoted with approval from Pickel v. St. Louis Chamber of Commerce Ass'n, 10 Mo.App. 191, wherein it is stated:
"When parties having mutual matters of account between them growing out of a contract deliberately account together, and state a balance, and the party who, in such accounting, is found indebted to the other, pays the debt, or gives a written obligation for its payment, this settlement is so far conclusive between the parties that it cannot be reopened or gone into, either at law or in equity, except on clear proof of fraud or mistake, or of an express understanding that certain matters were left open for future adjustment."
No fraud or mistake is alleged here and the evidence was sufficient to submit the case to the jury upon the theory of account stated.
The other points have to do with instructions given and complaint is leveled at the first instruction on the ground that it is an abstract statement of the law and is at variance with the pleadings. Part of the instruction is a definition of the term "account stated" and, of course, any definition is properly stated in the abstract. The balance of the instruction states that if a definite sum has been acknowledged to be due on an account, the law implies a promise on the part of the debtor to pay. There appears to be no error in this and we have so held in Conkling v. Henry Quellmalz Lumber & Mfg. Co., Mo.App., 20 S.W.2d 564, and Niehaus v. Gillanders, Mo.App., 184 S.W. 949, 950. If the first instruction suffered by way of being abstract, it was cured by the second which was the main verdict-directing instruction and required a finding of the facts pleaded and put in evidence by the plaintiffs.
Appellant's chief complaint against the instructions is that they failed to require the jury to find that there was a meeting of the minds of the parties bringing about a new agreement and an unequivocal promise to pay. In the case of Niehaus v. Gillanders, supra, the court had before it an instruction which stated:
"* * * there must be a meeting of the minds of the parties, and the defendant must have agreed to pay a certain amount claimed to be due by the plaintiffs after the parties have examined the accounts between them, and the burden of proof in this case is upon the plaintiffs to show by a preponderance or greater weight of the evidence that the accounts were gone over by the plaintiffs and defendant, and that the defendant agreed upon the amount due upon an amount certain as due, and unconditionally promised to pay the same."
It was held that the instruction was bad and the court stated: "While the acts referred to in this instruction might prove that it was an account stated, it is not essential that all of them shall be present to do so."
Thus in the present case such an instruction would have been erroneous, for the question tried was whether or not there was an acknowledgment by the defendant that the sum claimed by the plaintiffs was correct and justly due.
From the foregoing it appears that the case was properly submitted to the jury by instructions which are not subject to the error charged, and it is the recommendation of the Commissioner that the judgment be affirmed.
*255 PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The judgment of the circuit court is accordingly affirmed.
BENNICK, P. J., and ANDERSON and DEW, JJ., concur.