REEVES–WIEDEMAN COMPANY, Respondent,

v.

**Irene HAYS and Harry Hays, Appellants.**

No. 22669.

Kansas City Court of Appeals.

Missouri.

March 3, 1958.

S. Cedric Siegfried, Reginald Smith, Siegfried & Smith, Independence, for appellants.

James P. Tierney, Kemp, Koontz, Clagett & Norquist, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an action on an account stated to recover a balance of $2,184.80. Plaintiff recovered a verdict and judgment for the amount claimed against the defendants Irene and Harry Hays, and they have appealed.

The only point properly presented in defendants' brief is whether plaintiff made a submissible case. The other points do not disclose "what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous," as required by Supreme Court Rules. 1.08(a) 3 and (d), 42 V.A.M.S.

According to the testimony of plaintiff's credit manager, Mr. Franke, defendants Harry and Irene Hays, together with Wilmer Andes and Paul Roberts carried an account with plaintiff in the years 1953 and 1954 under the name of "Comfort Heating Company." And, according to the testimony of Mr. Gall, plaintiff's salesman who sold the articles listed in the Comfort Heating Company account, he dealt usually with defendant Harry Hays prior to the date of the account stated, which was in October 1954. Mr. Gall understood that the Comfort Heating Company was a partnership between Mr. and Mrs. Hays and Andes and Roberts.

By October of 1954, the account carried on plaintiff's books under the style of Comfort Heating Company amounted to $14,746.37. In the latter part of that month both defendants, Harry and Irene Hays, came to plaintiff's office to talk to Mr. Franke, plaintiff's credit manager, about the "Comfort Heating Company account." They came voluntarily and not at plaintiff's insistence or suggestion. They told Mr. Franke that "they wanted to get their account straightened out." They stated to him that "they owed part of it and some part of the account they didn't owe." Mr. Franke agreed with Mr. and Mrs. Hays to separate the $14,746.37 account and "charge to them what they owed and to Andes and Roberts what they owed." However, it was not clear to Mr. Franke or to Mr. and Mrs. Hays exactly how much Mr. and Mrs. Hays owed (although they were within $100 of being together on the amount), so Mr. Franke gave them a blank form of plaintiff's statement and told them to write out what they owed and mail it back to him. Mr. and Mrs. Hays took the blank statement with them and shortly thereafter Mr. Franke received it in the mail completed in the handwriting of Mrs. Hays, showing the amount due as $3,184.80 and signed "Comfort Heating Company Irene Hays." This is the account stated plaintiff sued on.

Plaintiff's credit manager then closed out the old $14,746.37 Comfort Heating Company account, opened a new account for Harry and Irene Hays under the style of Comfort Heating Company for the amount of their account stated, to-wit, $3,184.80, and charged the balance of the old Comfort Heating Company account, to-wit, $11,561.-57, to new accounts of Andes and Roberts, who subsequently paid off those accounts.

Sometime in November of 1954, plaintiff's salesman, Mr. Gall, sought to obtain a payment on the $3,184.80 account from the defendant Harry Hays. The latter promised Mr. Gall the account would be paid, and in December of 1954 gave him a $1,000 payment on the account by way of check drawn by Irene Hays. No further payments having been made, plaintiff brought this suit for the balance of the account, or $2,184.80.

The defendants did not take the witness stand, nor did they offer any evidence.

The proof necessary to establish an account stated is set forth in the case of Gerstner v. Lithocraft Studios, Inc., Mo. App., 258 S.W.2d 250, 253, as follows:

"An account stated is said to be created when the parties, having had financial transactions between them, arrive at an agreement as to the balance due and the party debtor acknowledges his obligation to the party creditor and promises to pay." (Citing cases.)

One of the cases cited in the Gerstner opinion is that of Conkling v. Henry Quellmalz Lumber & Mfg. Co., Mo.App., 20 S.W. 2d 564, 566, where the following language appears:

"All that is required in proving an account stated is to prove a definite amount as an amount agreed upon between the parties. An account becomes an account stated when the parties have accounted together, and arrived at and agreed upon a balance which the debtor has either expressly or impliedly

promised to pay. There must be a fixed and certain sum admitted to be due. The admission must be voluntary, but it need not be express in its terms. If the account is rendered, and is not objected to within a reasonable time, the acquiescence is taken as an admission that the account is truly stated, and a promise to pay the balance struck is implied."

It is clear that every essential element of an account stated as disclosed in the above quotations was put in evidence by plaintiff. The account agreed upon between the parties was *definite*. The admission of defendants was *voluntary*. And the testimony of plaintiff's salesman shows an *express* promise to pay, and an *actual* payment of $1,000 on the account. There is no merit in defendants' contention.

The judgment is affirmed.

All concur.