**W. R. CHISLER, Appellant,**

v.

**Richard E. STAATS and Mrs. Richard E. Staats, Respondents.**

**No. KCD 26515.**

Missouri Court of Appeals, Kansas City District.

Nov. 5, 1973.

Motion for Rehearing and/or Transfer Denied Dec. 3, 1973.

J. Kirk Rahm, Warrensburg, for appellant; Hensley & Rahm, Warrensburg, of counsel.

Paul L. Wickens, Kansas City, for respondents; Jackson & Sherman, Kansas City, of counsel.

## PER CURIAM:

Suit for an account stated, upon appellant's (Chisler's) petition, was tried to the court. After presentation of all the evidence, judgment was entered for the debtor (Staats). The claim was for the unpaid balance of $601.90 on a debt of $5,001.90, the original obligation having allegedly been acknowledged by the defendants, as the balance due between the parties for work performed by Chisler.

The parties entered into an oral contract for Chisler to drill a well and install accessory equipment to provide water for respondents' home at Lone Jack, Missouri. The work was begun in November, 1969, and completed in December, 1969. Upon completion of the work appellant submitted a bill for $5,001.90, less a $1,000.00 advance payment made by respondents.

Appellant testified that respondents neither made objection to, nor expressed surprise at, the bill when it was presented for payment. Respondents admit that there was no objection made to the bill but counters that there was surprise expressed at the size of the bill. Both parties agreed that respondents were to pay only $1,000.00

when the bill was presented, but at appellant's request, the payment was increased to $1,500.00.

Respondents made additional payments to Chisler of $1,000.00 in January, 1970, $500.00 in February, and $400.00 in April for the work performed, reducing the outstanding balance to $601.90. In June, respondents notified Chisler that the parties should meet and discuss the charges before any more payments were made.

Each of the partial payments made in 1970 were accompanied by letters signed by Staats. The letter included with the January payment stated:

"You'll find inclosed [sic] a check for $1,000.00. On checking with the bank I found I can't cash in any of my savings certificates till [sic] they come due. (Didn't know your bill would be so much.) I hope this helps till [sic] I get the rest to you." (Plaintiff's Exhibit #2)

Included with the $500.00 payment in February was another letter signed by respondents, the relevant portion of which states:

"Enclosed you'll find a check for $500.-00. This is all I can get you now as I mentioned before I have savings certificates that come due next month and I will get the balance to you then." (Plaintiff's Exhibit #4)

At trial, respondents contended, first, that there was no acknowledgment and promise to pay the account when rendered in December, 1969, and, second, satisfaction of the debt had been made in accordance with the original oral contract. Respondents testified that the charges for the drilling and casing for the well were calculated at $3.00 per foot rather than $2.50 per foot as contracted and that a $75.00 installation charge was made contrary to the original contract. These alleged variations in the terms of the contract resulted in an overcharge of $664.50, but when the account due reached $601.90, Staats "was willing to get out of it for what (he) figured was fair."

■ An account stated is an agreement between parties, having had previous financial transactions, that a balance struck is correct and due between the parties, and a promise by the debtor, either express or implied, to pay the balance. 1 C.J.S. Account Stated § 1; Stewart v. St. Louis & S. Ry. Co., 157 Mo.App. 225, 137 S.W. 46 (1911); Gerstner v. Lithocraft Studios, 258 S.W.2d 250 (Mo.App.1950). It is a new cause of action arising from the prior monetary transactions [Barr v. Lake, 147 Mo.App. 252, 126 S.W. 755 (1910)] and amounts to an admission of liability by the debtor, Stewart v. St. Louis & S. Ry. Co., supra, and Gerstner v. Lithocraft Studios, supra.

■ An essential element of an action for an account stated is the promise, either expressed or implied, to pay the agreed upon balance. Quint v. Loth-Hoffman Clothing Co., 207 Mo.App. 391, 233 S.W. 92 (1921). Chisler contends that respondents' letters of January and February recognize the correctness of the account rendered and expressly promise to pay the balance due between the parties. Also, if no express promises were made, the retention of the account rendered for a reasonable time without objection admits to the account and implies a promise to pay. Alexander v. Scott, 150 Mo.App. 213, 129 S.W. 991 (1910); Powell v. Pacific Ry. Co., 65 Mo. 658 (1877); Koegel v. Givens, 79 Mo. 77 (1883).

■ The two letters from the respondents, each including an enclosure of partial payment, are clearly unconditional acknowledgments of the account due. Gerstner v. Lithocraft Studios, supra. (Also see Conkling v. Quellmalz Lumber & Mfg.

Co., 20 S.W.2d 564 (Mo.App.1929); McDonald v. Mossman, 181 Mo.App. 475, 168 S.W. 816 (1914).] The first letter followed the initial presentation of the bill in December, 1969 and expressly promised to, ". . . get the rest to you." On January 13 and February 9, 1970, statements of account were again rendered to the respondents. The latter requested payment by February 14, 1970. Thereafter, respondents sent the $500.00 payment and the letter stating ". . . I will get the balance to you . . ."

■■ Even if the letters did not objectively manifest an unconditional agreement that the account was correctly stated and a promise to pay the balance due, the respondents retained the account without objection for more than a reasonable time. The circumstances of a particular case determine the reasonable period of time that an account may be retained without objection. Brown v. Kimmel, 67 Mo. 430 (1878); Dameron v. Harris, 281 Mo. 247, 219 S.W. 954 (1920). However, mere failure to object is not conclusive but raises a rebuttable presumption of an account stated. 1 C.J.S. Account Stated § 37(b); Kansas City Commercial Photo View v. Kansas City Bridge Co., 208 Mo.App. 255, 233 S.W. 947 (1921).

■ Staats testified that on advice of counsel he had decided, prior to making the January 1970 payment, not to pay the account as rendered. No expression of this intent appears in the correspondence of January and February between the parties. Not until a meeting between the parties in June, 1970 did the respondents express to Chisler their dissatisfaction with the account rendered. Under the circumstances of this case, six months is a more than reasonable time for respondents to have objected to the account. [See Mulford v. Caesar, 53 Mo.App. 263 (1893); Locke v. Woodman, 216 S.W. 1006 (Mo.App.1920); Dameron v. Harris, supra; K. C. Commercial Photo v. K. C. Bridge Co., supra; Bloss v. Aurora Milling Co., 207 Mo.App. 402, 229 S.W. 833 (1921).] Respondents' evidence in explanation of their failure to express more than "surprise" when the bill was initially presented in December, 1969, does not rebut the presumption arising from the subsequent six months of silence. [See generally, 1 C.J.S. Account Stated § 37b.]

■ Neither is it contended, nor is there substantial evidence, that respondents' conduct and statements at the initial rendering constituted such direct and positive refusal to pay and denial of liability so as to negate the presumption of silence as acceptance and an implied promise to pay. Stewart v. St. L. & S. Ry. Co., 157 Mo.App. 225, 137 S.W. 46 (1911); Coale Lumber Co. v. Crosby, 20 S.W.2d 552 (Mo.App.1929); Gerstner v. Lithocraft Studios, supra. The account rendered having become an account stated under the evidence, respondents may not challenge individual items of the original transaction. Absent fraud, mistake, or an express agreement to make future adjustments, inquiry into that transaction is foreclosed by the merger of the original cause of action into the new promise. Urban Painting and Dry Wall Co. v. Sander, 446 S.W.2d 500 (Mo.App. 1969); Berkstresser v. Finnell, 181 S.W.2d 37 (Mo.App.1944); Barr v. Lake, supra.

Therefore, even granting deference to the opportunity of the trial court to judge the credibility of the witnesses, there is still substantial undisputed evidence adverse to the judgment rendered below. That judgment being clearly erroneous, the cause is reversed and remanded, with direction that judgment be entered for plaintiff for $601.90, and for costs.