**CRIST SOD COMPANY, INC., a corporation, Plaintiff-Respondent,**

v.

**Bill L. BRUCE and Donald R. Ham, d/b/a Bruce Properties Company, 899 South Brentwood Boulevard, Clayton, Missouri 63105, Defendants-Appellants.**

No. 41248.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 22, 1980.

Steven M. Hamburg, Summers & Compton, Clayton, for defendants-appellants.

Walter Gelber, Clayton, for plaintiff-respondent.

DOWD, Presiding Judge.

Bill L. Bruce and Donald Ham, doing business as Bruce Properties Co., a partnership, appeal from the trial court's judgment

in a court tried case. The judgment obligated appellants to pay $6,377.50 plus interest and costs for materials and services rendered by respondent at construction projects developed by appellants.

Respondent is a subcontracting firm which does finished grading and sodding. John W. Crist is its president and principal stockholder.

Appellants' partnership is a property management and rental firm. The usual business practice of appellants' property management company is to develop apartment projects. Appellants' company initiates a project and contracts with Construction Associates, Inc. (hereinafter Construction Associates), a general contractor, to do the building for the project. Construction Associates then subcontracts for other work to be done on the project.

Appellant Bruce, appellant Ham, and William Thomas Vanover are stockholders and officers of Construction Associates. Bruce Properties Company and Construction Associates occupy the same office space. William Thomas Vanover is vice-president of the construction business and runs that business from day to day.

Appellants' company initiated development on two apartment projects, Parc Lorraine and Greenwood, in the usual manner. It contracted with Construction Associates to do the building on the projects. Construction Associates followed the usual practice in the contracting business and subcontracted with respondent to do the sodding at the two projects. The construction superintendents working for Construction Associates on the Parc Lorraine and Greenwood projects telephoned John Crist and ordered sod for the projects in 1975. William Vanover was aware of and approved these two purchases.

Respondent did not inquire who employed respondent nor did respondent ask to whom work should be billed. John Crist testified he knew with whom he was talking and that identification was not needed. Respondent and Construction Associates had had similar transactions in the past. Mr. Crist testified respondent had billed and had

been paid by either Construction Associates or appellants' partnership in the past. Appellants introduced evidence of a 1974 bill from respondent to Construction Associates.

The sodding at Parc Lorraine and Greenwood was completed in a manner apparently satisfactory to all parties. Respondent then billed appellants' partnership for the work. Respondent contacted Bruce Properties several times concerning payment after not receiving payment. John Crist spoke primarily to appellant Ham concerning the billing. In these conversations Mr. Ham did not deny the existence of the bills or refuse to pay them but promised to pay when he could. The manner in which the job was completed or performed and the amount of respondent's bill was not questioned. Respondent instituted the instant proceeding approximately one year after the bills were first submitted.

Appellants contend the trial court's judgment in favor of respondent is based upon a theory of an account stated and that respondent did not introduce evidence to sustain a judgment upon such a theory. Appellants argue respondent did not prove two elements of its cause of action, a prior transaction between the parties and an agreement between the parties as to the account stated. The appellants' contention is grounded upon their argument the respondent dealt with Construction Associates and not appellants.

■ An account stated is an agreement between parties to previous transactions. *Chisler v. Staats*, 502 S.W.2d 424, 426[1–3] (Mo.App.1973). Appellants contend the parties to the previous transactions in the instant case were Construction Associates and respondent. An account stated also requires that the parties to the previous transactions agree that a certain balance is correct and due and expressly or impliedly promise to pay the balance. *Chisler v. Staats, supra.* Appellants contend the agreement to pay the balance due was reached between appellant Ham, presumably acting for appellants' partnership, and respondent. Thus, argue appellants, the

parties to the subsequent assent to liability and agreement to pay who are the parties to the instant litigation are not the same parties to the previous transactions which are the basis of the account stated.

 Respondent concedes its cause of action for an account stated requires proof of an antecedent debtor-creditor relationship between the parties who have stated the account. Respondent contends, however, that Construction Associates and its employees are the apparent agents or agents by estoppel of appellants. We are constrained to disagree. *Jeff-Cole Quarries, Inc. v. Bell*, 454 S.W.2d 5, 13–14[2–7] (Mo.1970); *Rackers & Baclesse, Inc. v. Kinstler*, 497 S.W.2d 549, 552[3] (Mo.App.1973). In a suit by a subcontractor against the owners of real property, the general contractor was not the owners' agent because "the very existence of that contract [establishing an owner-independent contractor relationship] . . . is wholly inconsistent with the existence of an agency." *Jeff-Cole Quarries v. Bell, supra; accord, Rackers & Baclesse, Inc. v. Kinstler, supra.* Therefore, respondent's recovery against appellants upon the theory of an account stated is not sustained by the evidence.

The judgment is reversed.

REINHARD and CRIST, JJ., concur.