**WATKINS PRODUCTS, INC., Plaintiff-Appellant,**

v.

**Marjorie Mable PEEK and Lee Peek, Defendants-Respondents.**

No. 25440.

Kansas City Court of Appeals, Missouri.

Dec. 7, 1970.

**342**

James E. Thompson, Jr., Crouch, Crouch, Spangler, Douglas, Harrisonville, for plaintiff-appellant.

Don F. Whitcraft, Harrisonville, for defendants-respondents.

FLOYD L. SPERRY, Special Commissioner.

Plaintiff is engaged in the business of selling at retail from door to door, through its agents, certain packaged merchandise. It entered into a written contract with Marjorie Mable Peek whereby she would become its sales agent and would sell its products in an area near Peculiar, Cass County, Missouri. Plaintiff agreed to sell and deliver to her certain merchandise, as ordered by her, which merchandise she would receive on credit. She would then sell the merchandise, collect therefor, and remit to plaintiff whatever amount she might owe. Lee Peek signed the contract as surety for Mable Peek, guaranteeing thereby that he would pay all sums which Mable Peek might owe to plaintiff for merchandise. The contract was cancelled by plaintiff and it instituted this suit against both defendants for the sum of $1,421.08 balance due for merchandise bought. Trial was to a jury which returned a ten-man verdict for defendants. Plaintiff appeals.

Exhibit 1, offered by plaintiff, was received in evidence. It is the written contract entered into and executed by all parties hereto. Plaintiff is designated as "seller" and Mrs. Peek as "purchaser". By its terms plaintiff agreed to sell and deliver, at its current wholesale prices, f. o. b. cars at Winona, Minnesota, or, at its option, at any of its regular places for shipment, such of its merchandise as purchaser might reasonably require from time to time. It was stated therein that "either of the parties hereto may terminate this agreement at any time, * * *, by giving the other party notice thereof in writing by mail." It was also stipulated that "The Purchaser may, within thirty days after

the termination of this agreement, return, by prepaid freight, to the Seller, at Winona, Minnesota; Barberton, Ohio; Memphis, Tennessee; Newark, New Jersey or Oakland, California, in as good condition as when delivered to him at point of shipment, any goods purchased by him from the Seller, * * * and the Seller agrees to repurchase such goods, * * * and pay or credit the Purchaser therefor * * *." If any goods that were returned required repacking and reconditioning in order to make them saleable, seller agreed to repack and recondition same, if feasible, and make a reasonable charge therefor. Such goods as could not be made saleable would remain the property of purchaser to dispose of as he might see fit. It was stated therein that "this is the complete, entire and only agreement between the parties, and that it shall not be varied, changed or * * * except in writing executed by the Purchaser."

Defendants placed in evidence their Exhibit 1, which was a typed and written instrument, dated 10–20–65, signed as follows: "Marjorie Mable Peek, Route One, Peculiar, Mo." It is agreed that the instrument was signed by Mrs. Peek. In it, it is stated that it contained a description "* * * of the locality in which I am now engaged, or intend to engage, in the sale of goods or other articles manufactured and sold by Watkins Products, Inc." The "description", *generally*, describes an area in Cass County, Missouri. There is nothing therein to the effect that defendants were to have the "exclusive" right to sell plaintiff's products in the described area.

Plaintiff's Exhibit 3 was in evidence. It was a typewritten "statement" of "Balance" of account due. It was dated July 1, 1966, showing balance $1,421.08. At the bottom of this one-page exhibit appeared: "Duplicate copy to be signed and mailed within 10 days to Watkins Products, Inc." Also at the bottom of this exhibit there appeared the following in print: "I have verified the above statement of my account

and find it correct." Under this statement appears, "7–23–66–Marjorie M. Peek" in writing. Mrs. Peek testified that it was her signature. She also stated that she then had, and, at the time of trial had, in her possession merchandise purchased from plaintiff of the value of $1,421.08. There were no business transactions between the parties from and after 7–23–1966.

Plaintiff's Exhibit 4 is a copy of a typewritten letter from plaintiff to Mrs. Peek, dated August 31, 1966, wherein it was stated: "Dear Madam: This is to formally notify you of the termination of your agreement. This makes any existing indebtedness immediately due and payable. We are glad to inform you that any unsold merchandise in your possession may be returned for credit if it is in salable condition * * * You may return your unsold goods to our * * * Memphis, Tennessee branch." The authenticity of none of these documents is disputed and the signature of defendants are admittedly genuine.

Mr. Ferdinandsen, an official of plaintiff, was plaintiff's sole witness. Certain admissions of defendants were offered and received. Defendants both testified in their behalf.

Execution of the contract was admitted. It was also admitted that they received merchandise, under the contract, from plaintiff; that a part thereof was sold and the purchase price was paid; that defendants had in their possession $1,421.08 of merchandise, in good saleable condition, for which they had not paid; that it did not need repackaging and was in the same condition it was in when it was received. They stated that, after receipt of the letter of cancellation and request for payment of the account, and plaintiff's offer to accept return of unsold merchandise, Mr. Peek wrote plaintiff and offered to return the merchandise to plaintiff at Kansas City; that plaintiff refused to accept the merchandise at Kansas City for the stated reason that it did not have facilities at that point for reception, reconditioning and repacking merchandise.

Defendants requested that the jury be instructed that the contract provided for a return of the merchandise within thirty days after termination of the contract, that there was a termination, and that defendants offered to return the merchandise within thirty days but plaintiff refused to accept it. The court refused to give this instruction but submitted the case to the jury on plaintiff's main instruction, which is as follows:

"Your verdict must be for plaintiff if you believe: First, after transaction mentioned in the evidence, plaintiff and defendants agreed in good faith that the stated sum of $1,421.08 was the amount owed plaintiff, and

Second, thereafter defendant, Marjorie M. Peek, failed to pay this stated sum."

This record shows without any dispute and defendants admit, that they entered into and signed the sales contract mentioned herein; that they ordered and received merchandise from plaintiff under the terms of the contract; that they sold a part of same and remitted therefor; that, on July 23, 1966, Mrs. Peek signed and mailed plaintiff a written statement to the effect that she owed plaintiff on account the sum of $1,421.08. They pleaded in their answer that: "Defendants admit * * * that on July 23, 1966, they had an inventory on hand unpaid for in the amount of $1,421.08." That part of their answer was admitted in evidence and was read to the jury. Defendants have never claimed that they have paid anything on the account since July 23, 1966. The record, without dispute, discloses that there have been no transactions between the parties since that date.

There is no claim or evidence to the effect that defendants ever returned to plaintiff any of the merchandise that they admit they have in their possession, nor have they ever offered to return any merchan-

dise to plaintiff *at Memphis, Tennessee, or to plaintiff at any of the other places mentioned in the contract* where they had the privilege of doing so.

Plaintiff contends that this is a suit on an account stated. In Gerstner et al. v. Lithocraft Studios, Inc., Mo.App., 258 S. W.2d 250, 253, the court held that an account stated is said to be created when the parties, having had financial transactions between them, arrive at an agreement as to the balance due and the party debtor *acknowledges* his obligation and promises to pay. The court further said that this does not mean that there must be an *express acknowledgment that there is a fixed sum owing and a definite promise to pay that amount.* "Even silence of a debtor may under some circumstances be sufficient to establish his acknowledgment of the account as stated." The court also said that an account stated must be predicated upon some prior transaction and the consideration to support it is the consideration for the original debt. "It is when the original debt is acknowledged that a new cause of action known as an account stated arises between the parties."

Defendants offered testimony to the effect that they were promised an "exclusive" territory in which to operate, and that other agents of plaintiff made calls on parties residing within the territory. Plaintiff's objection to the introduction of testimony to that effect was overruled at first, later it was sustained. The written contract makes no mention of "exclusive territory", and it is specifically provided therein that the terms of the contract may not be varied except by the written consent of plaintiff. No evidence of such consent was mentioned in evidence. Furthermore, if such verbal conversation did occur, it occurred long prior to July 23, 1966, when the parties agreed on the amount due plaintiff. Gerstner et al. v. Lithocraft Studios, Inc., supra, 258 S.W.2d 254. Evidence that defendants were to have an exclusive territory was permitted but the court sustained an objection thereafter. This was an account stated and it cannot

be avoided "except on clear proof of fraud or mistake, * * *" 258 S.W.2d 254, supra. There is no claim or suggestion of fraud or mistake. The record shows that defendants discussed this agreement with agents of plaintiff on more than one occasion before the contract was executed. Defendants have made no claim that they have suffered damages of any kind. They had the clear right to cancel the agreement *at any time* by merely writing a letter to plaintiff stating their desire to do so.

They could have returned to plaintiff the $1,421.08 of merchandise which they admittedly had and which, they stated in evidence, was in as good condition as when they received it. They stated that it did not need repackaging or reconditioning. However, their contract provided that return *might* be made by shipment to *Memphis* or to any of the other named points, not including Kansas City, Missouri. Instead, defendants *wrote a letter offering* to return the merchandise to plaintiff *at Kansas City.* Plaintiff refused to accept it at that point because of lack of facilities for such service at Kansas City. Plaintiff was justified in its action in this regard, as a matter of law.

Plaintiff's chief complaint here is of the failure of the trial court to direct a verdict for plaintiff at the close of all the evidence. Plaintiff's contention is well taken. The undisputed documentary evidence, signed by defendants, and the pleadings and unquestioned admissions established plaintiff's right to a judgment. There remained no fact in dispute for the jury to decide.

The judgment is reversed and the cause is remanded with directions that judgment be entered for plaintiff for $1,421.08, plus interest due thereon.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of FLOYD L. SPERRY, Special Commissioner, is adopted as the opinion of the court.

All concur.